Laurent S. Drogin (LD-4770)
Rachel S. Fleishman (RF-5080)
**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Defendant*
*The Office of the Impartial Chairman*
1350 Broadway – 11th Floor
New York, New York 10018
(212) 216-8000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

| | |
|---|---|
| TRAN DINH TRUONG, *et al.*, | : |
| | : 1:07-CV-11383 (RJH) |
| Plaintiffs, | : |
| | : |
| -against- | : **ANSWER** |
| | : |
| NEW YORK HOTEL & MOTEL TRADES | : |
| COUNCIL, AFL-CIO, *et al.*, | : |
| | : |
| Defendants. | : |

-------------------------------------------------------x

Defendant THE OFFICE OF THE IMPARTIAL CHAIRPERSON (s/h/a THE OFFICE OF THE IMPARTIAL CHAIRMAN) ("OIC"), by its attorneys, Tarter Krinsky & Drogin LLP, as and for its Answer to the Complaint in this action responds and says:

Nature of the Action

1. OIC denies all of the factual allegations set forth in paragraph 1 of the Complaint and neither admits nor denies those allegations that set forth legal conclusions to which no response is required.

00113243.DOC

2.     OIC denies all of the factual allegations set forth in paragraphs 2(a) through 2(p) of the Complaint that pertain to it, and neither admits nor denies those allegations that set forth legal conclusions to which no response is required. OIC denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 2 that pertain to other Defendants. Answering further, OIC avers that it has been established by the Hotel Association of New York, Inc. ("Hotel Association") and the New York Hotel & Motel Trades Council, AFL-CIO ("Union"), to serve as an arbitral body through which individual arbitrators hear and resolve disputes that arise in the hotel and restaurant industry in the New York City metropolitan area. As such, OIC does not and cannot "force" the Plaintiffs to do or refrain from doing the acts alleged in paragraphs 2(a), 2(b) and 2(g) of the Complaint. Answering further, OIC avers that it cannot and does not "endorse," "promote" or "assist" in the filing of any grievances as alleged in paragraph 2(c), nor is it a party to any "Me Too Agreement" as alleged in paragraph 2(d) of the Complaint. Answering further, OIC denies that it can file or has filed any "grievances," as alleged in various subparagraphs within paragraph 2 of the Complaint.

3.     OIC denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of the Complaint.

4.     OIC denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the Complaint.

5.     OIC denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of the Complaint.

00113243.DOC

## The Parties

6. OIC denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the Complaint.

7. OIC denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of the Complaint, and avers that such allegations should be stricken pursuant to Fed. R. Civ. P. 12(f).

8. OIC denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Complaint, and avers that such allegations should be stricken pursuant to Fed. R. Civ. P. 12(f).

9. OIC denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of the Complaint, and avers that such allegations should be stricken pursuant to Fed. R. Civ. P. 12(f).

10. OIC denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of the Complaint, and avers that such allegations should be stricken pursuant to Fed. R. Civ. P. 12(f).

11. OIC denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of the Complaint, and avers that such allegations should be stricken pursuant to Fed. R. Civ. P. 12(f).

12. OIC admits the allegations contained in paragraph 12 of the Complaint.

13. OIC admits the allegations contained in paragraph 13 of the Complaint.

14. OIC admits the allegations contained in paragraph 14 of the Complaint except to deny having knowledge or information sufficient to form a belief as to the truth or falsity of the allegation regarding Peter Ward's state of residence.

## First Cause Of Action

15. OIC repeats, restates and realleges the responses to paragraphs 1 through 14 of the Complaint as if same were set forth at length herein.

16. OIC admits that race and ethnicity are protected characteristics under applicable New York State and New York City laws, denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegation regarding the race or ethnicity of plaintiff Truong, and denies that the Alphonse Hotel Corp. ("the Hotel") is a member of any protected class.

17. OIC denies all of the factual allegations set forth in paragraph 17 of the Complaint and neither admits nor denies those allegations that set forth legal conclusions to which no response is required.

18. OIC denies all of the factual allegations set forth in paragraph 18 of the Complaint and neither admits nor denies those allegations that set forth legal conclusions to which no response is required.

19. OIC denies all of the factual allegations set forth in paragraph 19 of the Complaint; neither admits nor denies those allegations that set forth legal conclusions to which no response is required, and denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations pertaining to the "great humiliation," physical illness, and emotional stress alleged by the individual plaintiff.

20. OIC denies all of the factual allegations set forth in paragraph 20 of the Complaint; neither admits nor denies those allegations that set forth legal

00113243.DOC

conclusions to which no response is required, and denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations pertaining to the "extreme mental anguish, outrage, severe anxiety, painful embarrassment," damage to reputation, disruption of private and personal life and "loss of enjoyment of the ordinary pleasures of everyday life" allegedly sustained by the individual plaintiff.

21.     OIC denies all of the factual allegations set forth in paragraph 21 of the Complaint and neither admits nor denies those allegations that set forth legal conclusions to which no response is required.

## Second Cause of Action

22.     OIC repeats, restates and realleges the responses to paragraphs 1 through 21 of the Complaint as if same were set forth at length herein.

23.     OIC admits that national origin and race are protected characteristics under the New York State Human Rights Law and New York City Human Rights Law, denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegation regarding the race or ethnicity of plaintiff Truong, and denies that the Hotel is a member of any protected class.

24.     OIC denies all of the factual allegations set forth in paragraph 24 of the Complaint and neither admits nor denies those allegations that set forth legal conclusions to which no response is required.

25.     OIC denies all of the factual allegations set forth in paragraph 25 of the Complaint and neither admits nor denies those allegations that set forth legal conclusions to which no response is required.

26.     OIC denies all of the factual allegations set forth in paragraph 19 of the Complaint; neither admits nor denies those allegations that set forth legal conclusions to which no response is required, and denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations pertaining to the "physical illness and emotional stress" alleged by the individual plaintiff.

27.     OIC denies all of the factual allegations set forth in paragraph 27 of the Complaint; neither admits nor denies those allegations that set forth legal conclusions to which no response is required, and denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations pertaining to the "extreme mental anguish, outrage, severe anxiety, painful embarrassment," damage to reputation, disruption of private and personal life and "loss of enjoyment of the ordinary pleasures of everyday life" allegedly sustained by the individual plaintiff.

28.     OIC denies all of the factual allegations set forth in paragraph 28 of the Complaint and neither admits nor denies those allegations that set forth legal conclusions to which no response is required.

## Third Cause of Action

29.     OIC repeats, restates and realleges the responses to paragraphs 1 through 28 of the Complaint as if same were set forth at length herein.

30.     OIC denies all of the factual allegations set forth in paragraph 30 of the Complaint and neither admits nor denies those allegations that set forth legal conclusions to which no response is required.

31.     OIC denies all of the factual allegations set forth in paragraph 31 of the Complaint and neither admits nor denies those allegations that set forth legal conclusions to which no response is required.

32.     OIC denies all of the factual allegations set forth in paragraph 32 of the Complaint; neither admits nor denies those allegations that set forth legal conclusions to which no response is required, and denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations pertaining to the allegation that plaintiff has sustained any injury.

33.     OIC denies all of the factual allegations set forth in paragraph 33 of the Complaint; neither admits nor denies those allegations that set forth legal conclusions to which no response is required, and denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations pertaining to the "severe emotional distress" alleged by the individual plaintiff.

34.     OIC denies all of the factual allegations set forth in paragraph 34 of the Complaint and neither admits nor denies those allegations that set forth legal conclusions to which no response is required.

## **AFFIRMATIVE DEFENSES**

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims brought pursuant to the New York State Human Rights Law (N.Y. Exec. L. 296) ("State HRL") must be dismissed as OIC is neither an employer, licensing agency, employment agency or labor organization, nor are the plaintiffs an individual, person or employee within the meaning of the State HRL.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims brought pursuant to the State HRL must be dismissed as OIC is not a person at a "place of public accommodation, resort or amusement" within the meaning of the State HRL.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims brought pursuant to the New York City Human Rights Law ("City HRL") must be dismissed because the OIC is not an "employer," "employee," "labor organization," "employment agency," or an "agent" of an employer, labor organization or an employment agency within the meaning of the City HRL.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims brought pursuant to the City HRL must be dismissed because the OIC is not a "place or provider of public accommodation" within the meaning of the City HRL.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to comply or to allege their compliance with the requirements of § 8-502(c) of the City HRL.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of preemption, namely by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of preemption, namely by the National Labor Relations Act, 29 U.S.C. § 151, *et seq.*

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are precluded in whole or in part based on their failure to exhaust their administrative remedies.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' are barred by the doctrine of arbitration and award from challenging awards issued under the auspices of the OIC.

### AS AND FOR A TWLEFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against the OIC are barred in whole or in part by the doctrines of arbitral privilege and/or arbitral immunity.

AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against the OIC are barred by the mootness doctrine.

**WHEREFORE,** The Office of the Impartial Chairman requests that a judgment be entered dismissing the Complaint, with prejudice, and awarding it recovery of its costs and attorneys' fees incurred in connection with the defense of this action, together with such other and further relief as the Court deems appropriate.

Dated:  New York, New York
        December 27, 2007

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Defendant The Office of*
*The Impartial Chairperson (s/h/a The Offices*
*of the Impartial Chairman)*

By: ___/s Laurent S. Drogin_____
    Laurent S. Drogin (LD-4770)
    Rachel S. Fleishman (RF-5080)
    1350 Broadway – 11th Floor
    New York, NY  10018
    Tel:  (212) 216-8000
    Fax:  (212) 216-8001