# STERN & KILCULLEN, LLC
## COUNSELORS AT LAW

HERBERT J. STERN
KEVIN M. KILCULLEN
JEFFREY SPEISER
JOEL M. SILVERSTEIN
EDWARD S. NATHAN
PASQUALE J. RUFOLO
JOHN P. INGLESINO
LINDA A. ELFENBEIN
TERRY L. TRANTINA
JOHN P. WYCISKALA
LISA D. TAYLOR
MARK W. RUFOLO
STEVEN D. GORELICK

75 LIVINGSTON AVENUE
ROSELAND, NEW JERSEY 07068

TEL: 973-535-1900
FAX: 973-535-9664

LING LAU
MELISSA L. NIGLIO GELADE
SHAUN T. HUGHEY
NATHAN J. STEIN
MICHAEL DINGER
BRIAN J. DEBOER
HOWARD B. TAT
EDUARDO J. JIMENEZ

RICHARD EDWARD HAMILTON
OF COUNSEL



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/11/08



RECEIVED
FEB 2 2 ...
CHAMBERS OF
RICHARD J. HOLWELL

February 21, 2008

*Via Federal Express*
Hon. Richard J. Holwell, U.S.D.J.
United States District Court
500 Pearl Street
New York, NY 10007

Re:   **Tran Dinh Truong, Alphonse Hotel Corp. d/b/a The Hotel Carter v.
      New York Hotel & Motel Trades Council, AFL-CIO, the Office of the
      Impartial Chairman and Peter Ward, 1:07-CV-11383(RJH)**

Dear Judge Holwell:

   As counsel for defendant the Office of the Impartial Chairman ("OIC"), I write pursuant to Rule 3(A) of Your Honor's Individual Rules to request a motion conference to discuss OIC's intention to seek judgment pursuant to Fed. R. Civ. P. 12(c) on the ground that all of the plaintiffs' claims against OIC are barred by arbitral immunity. We further request, consistent with Your Honor's order of February 19, 2008 (Doc 22), that (1) OIC's proposed Rule 12(c) motion be discussed at the initial conference scheduled for March 14, 2008 at 11:30 p.m., and (2) the Court set a date prior to March 14 for plaintiffs to respond to this letter and present their initial position regarding OIC's proposed motion in a letter to be submitted to the Court.

   As the Second Circuit has held:

> [A]rbitrators in contractually agreed upon arbitration proceedings are absolutely immune from liability in damages for all acts within the scope of the arbitral process.
>
> \*   \*   \*
>
> [e]xtension of arbitral immunity to encompass boards [that] sponsor arbitration is a natural and necessary product of the policies underlying arbitral immunity; otherwise the immunity extended to arbitrators is illus[ory]. It would be of little value to the whole arbitral procedure to merely shift the liability to the sponsoring association.

*Austern v. Chicago Board Options Exchange Inc.*, 898 F.2d 882, 886 (2d Cir.) (citations omitted), *cert. denied*, 111 S.Ct. 141 (1990); *see also id.* ("the Courts of Appeals that have addressed the issue have uniformly immunized arbitrators from civil liability for all acts performed in their arbitral capacity").

Hon. Richard J. Holwell, U.S.D.J.
February 21, 2008
Page 2

On the face of their Verified Complaint, all of plaintiffs' claims against OIC are barred by OIC's arbitral immunity:

- In paragraph 1 plaintiffs correctly describe your lawsuit as "an action... seeking monetary damages"[1] – precisely the sort of claims from which the Second Circuit has held that arbitrators and organizations which sponsor arbitration are absolutely immune. *Austern*, 898 F.2d at 886.

- In paragraph 13, plaintiffs correctly describe OIC as precisely the sort of "sponsoring organization" that the Second Circuit has held to be entitled to arbitral immunity: "a standing organization of labor arbitrators empanelled to hear disputes arising out of the Industry Wide Agreement ('IWA')." Verified Compalint ¶ 13; *Austern*, 898 F.2d at 886.

- All of the alleged acts on the basis of which plaintiffs seek to hold OIC liable are precisely the sort of "acts within the scope of the arbitral process" as to which the Second Circuit has held that arbitrators and organizations which sponsor arbitration are immune from liability (*Austern*, 898 F.2d at 886). *See* Verified Complaint ¶ 2(g) ("a decision in [the Union's] favor by the Impartial Chairman, despite no valid proof"); ¶ 2(h) (OIC's "proceeding, against its own policies, in allowing" the Union "to set up a hearing" concerning a grievance on behalf of a former employee seeking six days back pay); ¶ 2(i) ("The Impartial Chairman supported the Union and these persons despite no valid proof"); ¶ 2(k) (a ruling in favor of a hotel employee who "falsely claimed that the Hotel had told her she would be fired if she went to the Union"); ¶ 2(l) ("issuing an arbitration award requiring the Hotel to engage a specific industrial consultant to conduct an inspection of health and safety at the Hotel, in contravention of the Collective Bargaining Agreement"); ¶ 2(n) ("The Impartial Chairperson has failed to timely schedule a hearing when Plaintiff files a grievance as against the Union"); ¶ 2(o) ("The Impartial Chairperson has issued an arbitration award regarding alleged health and safety violations without holding a hearing and in contravention of the Collective Bargaining Agreement").

Because the Verified Complaint itself establishes that all of plaintiffs' claims against OIC are barred by OIC's arbitral immunity, OIC respectfully requests an order (1) directing that OIC's proposed Rule 12(c) motion will be discussed during the initial conference scheduled for March 14, 2008 at 11:30 a.m., and (2) setting a date prior to March 14 for plaintiffs to respond to this letter and present their initial position regarding OIC's proposed motion in a letter to the Court with copies to all counsel.

*[handwritten: OIC's proposed motion will be addressed at the 3/14/08 conference. SO ORDERED]*

Respectfully,

Herbert J. Stern

*[signed]*
US DJ
3/11/08

cc: Gregory Calabro, Esq. (via fax & regular mail)
    Mr. Barry N. Saltzman, Esq. (via fax & regular mail)

---

[1] Verified Complaint ¶ 1; *see also id.* ¶¶ 21, 28, 34, and prayer for relief, which seek, on each of the Complaint's three causes of action, "Judgment... in the amount of [or "in no event less than] Five Million Dollars ($5,000,000.00)).