PITTA & DREIER LLP
499 Park Avenue
New York, NY 10022
(212) 652-3890
*Attorneys for Respondent/Third-Party Plaintiff*
*New York Hotel and Motel Trades Council, AFL-CIO*

Barry N. Saltzman (BS 6533)
Michael J. D'Angelo (MD 3030)

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/18/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
TRAN DINH TRUONG, individually and of
Behalf of ALPHONSE HOTEL CORP. d/b/a　　　　:　Case No. 1:07-Civ-11383 (RJH)
HOTEL CARTER,　　　　　　　　　　　　　　　:

　　　　　　　Plaintiff,

　-against-　　　　　　　　　　　　　　　　　　:　**JOINT SCHEDULING ORDER** 

NEW YORK HOTEL & MOTEL
TRADES COUNCIL, AFL-CIO, and
THE OFFICE OF THE IMPARTIAL
CHAIRMAN and PETER WARD,

　　　　　　　Defendants.
---------------------------------------- X

　　The parties by their respective undersigned attorneys of record, hereby submit this proposed Joint Scheduling Order for the above-referenced case in accordance with Rules 16 and 26 of the of the Federal Rules of Civil Procedure and this Court's local rules.

　　1.　Case Description

　　　　(a)　Attorneys

　　　　　　(1)　For Plaintiffs - Gregory G. Calabro, Esq.
　　　　　　　　　　　　　　　　　Cathy O'Donnell, Esq.
　　　　　　　　　　　　　　　　　Calabro & Associates, P.C.

　　　　　　(2)　For Defendants New York Hotel & Motel Trade Council
　　　　　　　　AFL-CIO and Peter Ward ("Union")
　　　　　　　　　　　　　　　　　Barry N. Saltzman, Esq.
　　　　　　　　　　　　　　　　　Michael J. D'Angelo, Esq.

{00336220 DOC;}

   (3) For Defendant Office of the Impartial Chairperson ("OIC")
     Herbert J. Stern, Esq.
     Joel M. Silverstein, Esq.

 (b) Federal Jurisdiction - Section 301 of the Labor Management Relations Act, 29 USC § 185

 (c) Claims and Counterclaims

Plaintiffs allege in Counts I and II that Defendants have violated the State and New York City Human Rights laws by discriminating against the employer hotel in enforcement of the collective bargaining agreement ("IWA") between the Union and the Alphonse Hotel Corporation d/b/a the Hotel Carter ("Hotel"), because the Hotel owner Tran Dinh Truong is Vietnamese. Plaintiffs allege in Count III that the Union's discriminatory enforcement of the IWA in arbitration at the OIC against the Hotel has intentionally inflicted emotional distress on Mr. Truong. Plaintiffs demand damages of $5 million for each count.

Defendant Union denies the gist of the Complaint. The Union also asserts various affirmative defenses it has requested leave to pursue in a motion for judgment on the pleadings under Federal Rule Civil Procedure 12(c). Thus, the Union asserts that the action fails to state a claim under the Human Rights laws which protect employees from employers, not employers from unions; fails to plead authorization or ratification of the Union's by all 25,000 Union members as required by *Martin V. Curan*, 303 NY 276 (1951); fails to even remotely allege conduct so outrageous in character beyond all bounds of decency; and that the issues must be arbitrated under Section 301 of the LMRA in any event. Finally, the Union has counterclaimed to confirm three arbitration awards against the Hotel on the grounds the time to vacate the awards has passed; Local 802, *Associated Musicians v. the Parker Meridian Hotel*, 145 F.d 85 (2d cir. 1998) and there is no substantive basis for vacatur. The awards order the Hotel to reinstate employees Pena, Santiago and Castillo with back pay and to cease threatening and retaliating against employees for demanding their contractual wages/rights

Defendant the OIC also denies the gist of the complaint and asserts a number of affirmative defenses. Most immediately, OIC asserts that plaintiffs' claims against OIC are untenable because the face of the Verified Complaint establishes that all of those claims are barred by OIC's arbitral immunity. *Austern v. Chicago Board Options Exchange Inc.*, 898 F.2d 882, 886 (2d Cir.), cert. denied, 111 S.Ct. 141 (1990).

 2. Proposed Case Management Plan

  (a) Motions - All Defendants have requested leave to move for judgment on the pleadings. The Court has directed Plaintiff to respond to Defendant's letters by February 28, 2008 and has scheduled Defendant's requests for conference on March 14, 2008.

  In light of the above, Defendant's counsel respectfully suggest that no discovery dates be scheduled and request instead that the motions be scheduled as follows:

   (1) motions by March 31, 2008;

    (2)    opposition by April ~~14~~ 30, 2008;
    (3)    replies by ~~April 24~~ May 16, 2008.

(b) - (g) - Deferred per above. ~~Alternatively or jointly as the Court prefers~~:

~~(b)    Cut-off for Joinder - March 28, 2008~~
(c)    Cut-off for Amendments - March 28, 2008
(d)    Cut-off for Discovery - March 28, 2008
    (i)    Rule 26(a)(1) disclosures - March 21, 2008
    (ii)    Fact discovery - September 15, 2008
    (iii)    Expert Disclosure - August 15, 2008*
    (iv)    Expert Report - September 12, 2008
    (v)    Expert Cut-off - October 13, 2008
*Defendants do not believe an expert will be needed.
(e)    Dispositive Motions - October 16, 2008
(f)    Pretrial Order - November 25, 2008
(g)    Trial - December 8, 2008, non-jury, approximately four days.

3.    The parties do not consent to proceed before a Magistrate Judge.

4.    Settlement - No settlement discussion have occurred. Defendants' counsel have requested that Plaintiffs withdraw the Complaint under Federal Rule Civil Procedure 11.

Dated: New York New York
March 11, 2008

Respectfully,

CALABRO & ASSOCIATES, P.C.
Attorneys for Plaintiffs
1412 Broadway, Suite 1504
New York, New York 10018
(646) 688-6095

By: _Cathy O'Donnell_

STERN & KILCULLEN, LLC
Attorneys for Defendant, OIC
75 Livingston Avenue
Roseland, New Jersey 07068

By: _[signature]_

PITTA & DREIER LLP
Attorneys for Defendant, Union
499 Park Avenue, 15th Floor
New York, New York 10022
(212) 652-3890

By: _[signature]_

SO ORDERED

_[signature]_
USDJ
3/14/08