UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
TRAN DINH TRUONG, individually and on behalf :
of ALPHONSE HOTEL CORP. d/b/a HOTEL :
CARTER, :
:
            Plaintiff, : Case No. 1:07-Civ-11383 (RJH)
:
     - against - :
:
NEW YORK HOTEL & MOTEL TRADES :
COUNCIL, AFL-CIO, and THE OFFICE OF THE :
IMPARTIAL CHAIRMAN and PETER WARD, :
:
           Defendants. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT THE OFFICE OF THE IMPARTIAL CHAIRMAN'S MOTION FOR JUDGMENT ON THE PLEADINGS**

        STERN & KILCULLEN, LLC
        Herbert J. Stern (HS3169)
        Joel M. Silverstein (JS5704)
        75 Livingston Avenue
        Roseland, New Jersey 07078
        (973) 535-1900

        *Attorneys for the Office*
        *of the Impartial Chairman*

Defendant The Office of the Impartial Chairman ("OIC") submits this Memorandum in support of its motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), dismissing all of plaintiffs' claims against OIC with prejudice.  As we will show, the requested relief is warranted because the face of plaintiffs' Verified Complaint demonstrates that all of plaintiffs' claims against OIC are barred by OIC's arbitral immunity.

## ARGUMENT

**OIC IS ENTITLED TO JUDGMENT ON THE PLEADINGS BECAUSE, ON THE FACE OF THE VERIFIED COMPLAINT, ALL OF PLAINTIFFS' CLAIMS AGAINST OIC ARE BARRED BY ARBITRAL IMMUNITY**

As the Second Circuit has held:

> [A]rbitrators in contractually agreed upon arbitration proceedings are absolutely immune from liability in damages for all acts within the scope of the arbitral process.

*Austern v. Chicago Board Options Exchange Inc.,* 898 F.2d 882, 886 (2d Cir.) (citations omitted), *cert. denied,* 111 S.Ct. 141 (1990); *see also id*. ("the Courts of Appeals that have addressed the issue have uniformly immunized arbitrators from civil liability for all acts performed in their arbitral capacity").  Citing "[t]he functional comparability of the arbitrators' decision-making process and judgments to those of judges," and arbitrators' concomitant need for "independent judgment, free from the threat of lawsuits," and "protect[ion] from undue influence... [and] reprisals by dissatisfied litigants" – the Second Circuit reasoned:

> We are persuaded by these policy concerns and agree that the nature of the function performed by arbitrators necessitates protection analogous to that traditionally accorded to judges. Furthermore, we note that individuals cannot be expected to volunteer to arbitrate disputes if they can be caught up in the struggle between the litigants and saddled with the burdens of defending a lawsuit.

898 F.2d at 886.  The Court further held that these same policy considerations require that such immunity extend to "boards that sponsor arbitration":

> Extension of arbitral immunity to encompass boards [that] sponsor arbitration is a natural and necessary product of the policies underlying arbitral immunity; otherwise the immunity extended to arbitrators is illus[ory]. It would be of little value to the whole arbitral procedure to merely shift the liability to the sponsoring association.

*Id.*

On the face of their Verified Complaint, all of plaintiffs' claims against OIC are barred by arbitral immunity because they seek monetary damages for alleged acts and omissions that are plainly within the scope of the arbitration process:

- In paragraph 1 plaintiffs correctly describe their lawsuit as "an action… *seeking monetary damages*"[1] – precisely the sort of claim from which the Second Circuit has held that arbitrators and their sponsoring organizations are absolutely immune. *Austern*, 898 F.2d at 886.

- In paragraph 13, plaintiffs correctly describe OIC as precisely the sort of "sponsoring organization" that the Second Circuit has held to be entitled to arbitral immunity: "a standing organization of labor arbitrators empanelled to hear disputes arising out of the Industry Wide Agreement ('IWA')." Verified Complaint ¶ 13; *Austern*, 898 F.2d at 886.

- All of the alleged acts on the basis of which plaintiffs seek to hold OIC liable are "acts within the scope of the arbitral process," for which the Second Circuit has held that arbitrators and their sponsoring organizations are absolutely immune from liability (*id.*). *See*:

    o Verified Complaint ¶ 2(g) ("a decision in [the Union's] favor by the Impartial Chairman, despite no valid proof");

---

[1] Verified Complaint ¶ 1 (emphasis added); *see also id.* ¶¶ 21, 28, 34, and prayer for relief, which seek, on each of the Complaint's three causes of action, "Judgment… in the amount of [or "in no event less than"] Five Million Dollars" ($5,000,000.00)).

2

- *Id*. ¶ 2(h) (OIC's "proceeding, against its own policies, in allowing" the Union "to set up a hearing" concerning a grievance on behalf of a former employee seeking six days back pay);

- *Id*. ¶ 2(i) ("The Impartial Chairman supported the Union and these persons despite no valid proof");

- *Id*. ¶ 2(k) (a ruling in favor of a hotel employee who "falsely claimed that the Hotel had told her she would be fired if she went to the Union");

- *Id*. ¶ 2(l) ("issuing an arbitration award requiring the Hotel to engage a specific industrial consultant to conduct an inspection of health and safety at the Hotel, in contravention of the Collective Bargaining Agreement");

- *Id*. ¶ 2(n) ("The Impartial Chairperson has failed to timely schedule a hearing when Plaintiff files a grievance as against the Union"); and

- *Id*. ¶ 2(o) ("The Impartial Chairperson has issued an arbitration award regarding alleged health and safety violations without holding a hearing and in contravention of the Collective Bargaining Agreement").

In short, plaintiffs' claims against OIC are squarely barred by OIC's arbitral immunity. Permitting them to survive this motion, and thereby allowing OIC to be "caught up in the struggle between litigants and saddled with the burdens of defending a lawsuit" would defeat the letter and essential purpose of the absolute immunity the courts have conferred upon arbitrators and their sponsoring organizations. *Austern*, 898 F.2d at 886.

## CONCLUSION

For all of the foregoing reasons, we respectfully request that the Court grant OIC judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), dismissing with prejudice all of plaintiffs' claims against OIC.

Respectfully submitted,

STERN & KILCULLEN, LLC
*Attorneys for Defendant*
*The Office of the Impartial Chairman*

s/Joel M. Silverstein
Herbert J. Stern (HS3169)
Joel M. Silverstein (JS5704)
75 Livingston Avenue
Roseland, NJ 07078
(973) 535-1900

Dated: March 31, 2008

4