UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------x

TRAN DINH TRUONG, individually and on behalf : Case No. 1:07-Civ-11383 (RJH)
of ALPHONSE HOTEL CORP. d/b/a HOTEL
CARTER,

        Plaintiff, : **DECLARATION OF JOEL M. SILVERSTEIN IN SUPPORT OF DEFENDANT OIC's MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11**

    - against -

NEW YORK HOTEL & MOTEL TRADES
COUNCIL, AFL-CIO, and THE OFFICE OF THE
IMPARTIAL CHAIRMAN and PETER WARD,

        Defendants.

---------------------------------------------x

    JOEL M. SILVERSTEIN, pursuant to 28 U.S.C. §1746(2), under penalty of perjury, hereby declares as follows:

    1.    I am member of the Bar of this Court and of the law firm Stern & Kilcullen, LLC, counsel of record in this action for defendant The Office of the Impartial Chariman ("OIC"). As such, I have personal knowledge to the extent reflected herein. I submit this Declaration in support of OIC's motion for an order imposing sanctions upon plaintiffs and their counsel pursuant to Fed. R. Civ. P. 11, including, without limitation, by requiring them to reimburse OIC for the attorneys' fees and litigation expenses it has reasonably incurred in defending against plaintiffs' claims and in making and prosecuting this motion.

2.  Attached hereto as Exhibit A is a true copy of the Affirmation of Barry N. Saltzman previously submitted in Support of the Union's Motion for Judgment on the Pleadings, and dated March 31, 2008 (Doc 30), but excluding the exhibits thereto.

3.  On February 5, 2008, I signed and had sent *via* facsimile and regular mail to plaintiffs' counsel of record in this action, Gregory Calabro, of Calabro & Associates, P.C., the letter a true copy of which is attached hereto as Exhibit B.

4.  On March 14, 2008, in Courtroom 17B at 500 Pearl Street, immediately prior to the March 14, 2008 pre-motion conference regarding defendants' proposed motions for judgment on the pleadings, counsel for the Union asked plaintiffs' counsel in my presence whether plaintiffs were prepared to withdraw their claims in this action in view of the defendants' letters warning that they would seek Rule 11 sanctions should plaintiffs fail to do so. Plaintiffs counsel responded that plaintiffs were not prepared to do so, and, as of the service of this motion on April 8, 2008, plaintiffs have not withdrawn their claims against OIC.

Accordingly, I respectfully request that the Court "so order" the accompanying Stipulation and Order for Substitution of Counsel, thereby substituting Stern & Kilcullen, LLC for Tarter Krinsky & Drogin LLP as counsel in this action for Defendant The Office of the Impartial Chairman.

Joel M. Silverstein (JS 5704)

Dated: April 8, 2008

# EXHIBIT A

PITTA & DREIER LLP
499 Park Avenue
New York, NY 10022
(212) 652-3890
*Attorneys for Defendants*
*New York Hotel and Motel Trades Council, AFL-CIO*

Barry N. Saltzman (BS 6533)
Michael J. D'Angelo (MD 3030)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------- X
   TRAN DINH TRUONG, individually and of
   Behalf of ALPHONSE HOTEL CORP. d/b/a
   HOTEL CARTER,

          Plaintiff,

-against-

   NEW YORK HOTEL & MOTEL
   TRADES COUNCIL, AFL-CIO, and
   THE OFFICE OF THE IMPARTIAL
   CHAIRMAN and PETER WARD,

          Defendants.
-------------------------------- X

Case No. 1:07-Civ-11383 (RJH)

**AFFIRMATION OF BARRY N. SALTZMAN IN SUPPORT OF THE UNION'S MOTION FOR JUDGMENT ON THE PLEADINGS**

STATE OF NEW YORK  )
                         ss:
COUNTY OF NEW YORK  )

    I, BARRY N. SALTZMAN, hereby affirm under penalty of perjury as follows;

    1. I am an attorney admitted to practice before this Court and the courts of the State of New York, and a partner in the law firm of Pitta & Dreier, LLP, attorneys of record for the New York Hotel & Motel Trades Council, AFL-CIO ("Union") and Peter Ward, the defendants in this action. I make this affirmation upon my personal knowledge and the records of the Union in support of the Union's and Ward's motion for judgment on the pleadings against plaintiffs Tran Dinh Truong and Alphonse Hotel Corp. d/b/a Hotel Carter ("Plaintiffs") pursuant to Rule 12(c)

of the Federal Rules of Civil Procedures.

2. This Affirmation and the accompanying Memorandum of Law refer to the following pleadings: Plaintiffs complaint dated November 21, 2007 (the "Complaint"), Exhibit 1 hereto; the Union's Answer and Counterclaims ("Answer/Counterclaims"), Exhibit 2 hereto; and Plaintiffs' Reply to Counterclaims ("Reply to Counterclaims"), Exhibit 3 hereto.

### General Background

3. The Union is a labor organization within the meaning of federal labor law, including 29 U.S.C. § 185, Section 301 of the Labor Management Relations Act ("LMRA"), representing over 20,000 working New Yorkers employed in the New York City hotel and hospitality industry. At all relevant times, Peter Ward has served as the Union's President. (Complaint ¶12, 14; Answer/Counterclaims ¶¶12,14,40; Reply to Counterclaims ¶1).

4. Plaintiff Alphonse Hotel d/b/a The Carter Hotel is an "employer" in interstate commerce within the meaning of federal labor law, including 29 U.S.C. §185, §301 of th LMRA (Complaint ¶6; Answer/Counterclaim ¶ 41; Reply to Counterclaim ¶ 2). Mr. Tran Dinh Truong ("Tran") owns the Alphonse Hotel. Plaintiffs own and operate a hotel business at 250 West 43rd Street, New York, N.Y. 10036 (the "Hotel"). (Id.)

5. The terms and conditions of employment for employees represented by the Union appear in the Industry-Wide Agreement ("IWA") between the Union and the Hotel Association of New York City, Inc. ("Hotel Ass'n"), either directly for a hotel member of the Hotel Ass'n or indirectly by a "Me Too" Agreement which binds an individual hotel to the IWA's terms. A copy of the IWA is attached as Exhibit 2(E). (See Complaint 2(l); Answer/Counterclaim ¶42; Reply to Counterclaims ¶3).

6. Since at least 1995, the Union and the Hotel have been bound to the IWA by successor

Me Too Agreements. Plaintiffs signed the most recent such Me Too Agreement, dated March 16, 2006, binding them and the Union to the IWA from July 1, 2006 to and including June 30, 2012. (Answer/Counterclaim ¶44; Reply ¶5). A copy of the 2006 Me Too Agreement is attached as Exhibit 2(G).

7. Among other terms, the IWA establishes wage rates and hours of work (Sections 8, 11-16, 28-32, 51, 54, Schedule A), hiring (Section 21) circumstances of discharge (Sections 24,25, 27)) and the Union's right to enter hotel premises to pursue Union business (Section 42). Section 25 of the IWA forbids all forms of national origin discrimination as follows:

> "The opportunity to give and obtain employment without discrimination because of ...national origin...or any other factor illegal under federal, state or local law is hereby recognized by the parties to this Agreement."

8. The Me Too Agreement expressly incorporates the broad IWA arbitration provisions in full. (Exhibit 2(G)). Article 26 of the IWA provides, in relevant part:

> All complaints, disputes or grievances arising between the parties hereto involving questions or interpretation or application of any clause of this Agreement, or any acts, conduct or relations between the parties, directly or indirectly, which shall not have been adjusted by and between the parties involved shall be referred to a permanent umpire(s) to be known as the Impartial Chairperson, and his/her decision shall be final and binding upon the parties hereto.

(Complaint ¶13; Answer ¶ 42; Reply ¶3). Thus, under the IWA, the Office of the Impartial Chairperson ("OIC") consisting of a permanent rotating panel of industry arbitrators, finally determines all issues between the Union and Plaintiffs. (*Id.*).

### Plaintiffs Prior Attempts to Avoid Arbitration and Intimidate the Union

9. Pursuant to the 2001-2006 IWA, the Union had commenced a number of grievances against the Hotel upon the complaints of various employees alleging mistreatment, failure to pay wages, intimidation and wrongful discharge. (Complaint ¶¶ 2(a)-(c), (h). See ¶¶9 and 10 infra).

10. Citing the Union's prosecution of these grievances, Plaintiffs attempted and failed to rescind their pre-2006 Me Too Agreement. The Hon. Denny Chin, USDJ, rejected Plaintiffs' attempt in *Alphonse Hotel Corp. v. New York Hotel v. & Motel Trades Council, AFL-CIO*, 2004 WL 414836 (SDNY) *aff'd without opinion,* No. 04-1757 (2d. Cir. 4/06/04), copy attached as Exhibit 4 hereto.

11. Following hearings at which the Hotel appeared by counsel, or negotiations at which the Hotel was represented by counsel, the Union substantially prevailed in its positions. (Complaint ¶¶ 2(a)-(c), (h).); *See also, Alphonse Hotel Corp. v. New York Hotel & Motel Trades Counsel, AFL-CIO,* 2001 WL 959005 (SDNY) (Hotel enjoined from evicting Union member from residence in retaliation for wage claims), copy attached as Exhibit 5 hereto.

12. In *Hamidou Diallo v. New York Hotel & Motel Trades Council, Mr. Truong D. Tran and Alphonse Hotel Corporation,* 05-Civ. 00430 (LAP) the Hon. Loretta Preska, USDJ, denied the Union's motion to dismiss former employee Diallo's claim for refusal to prosecute a grievance. A copy of Judge Preska's Order is attached as Exhibit 2(D).

### Plaintiffs Current Attempt to Avoid Arbitration and Intimidate the Union

13. In or about December 20, 2006, the Union commenced three grievances against the Hotel alleging that the Hotel and Tran had intimidated and discharged housekeeping employees Ana Penna, Elizabeth Santiago and Glennys Castillo because of their demands for wages due them and support for the Union. (Complaint ¶¶2(d), (g),(i),(j), (k); Answer ¶¶ 45, 53 and 61; Reply to Counterclaims ¶¶6, 14,22).

14. Following hearings before the OIC from March through August 2007, at which all parties appeared by counsel, presented arguments, witnesses and evidence, and cross-examined witnesses under oath, the OIC rendered Awards No. 2007-26 (3/14/07), No. 2007-38 (6/27/07)

{00340956.DOC;}                                                4

and No. 2007-59 (8/14/07) (the "Awards"), sustaining the Union's grievances and ordering reinstatement with back-pay to the employees against the Hotel. Copies of the Awards are attached as Exhibits 2(A)-(C) hereto. See also citations to ¶13, supra.

15. Plaintiffs filed their Complaint on or about November 21, 2007, copy attached as Exhibit 1.

16. The Union timely removed to this Court December 19, 2007 without challenge.

17. The Union filed its Answer and Counterclaims with exhibits on December 26, 2007, denying the elements of Plaintiffs' claims and any alleged wrongful conduct, copy attached as Exhibit 2 hereto.

18. Plaintiffs filed their Reply to Counterclaims on or about January 18, 2008, copy attached as Exhibit 3 hereto.

19. Following conference on March 14, the parties submitted their Joint Scheduling Order, dated March 11, 2008, copy attached as Exhibit 6 hereto.

For the reasons and upon the authority set forth in the Union's Memorandum of Law, I respectfully request that this Court grant the Union's motion pursuant to FRCP Rule 12(c) and enter judgment for the Union and Ward against Plaintiffs on the Complaint, together with whatever further relief this Court deems fair and appropriate.

Dated: New York, N.Y.
        March 31, 2008

_____
BARRY N. SALTZMAN

**EXHIBIT B**

# STERN & KILCULLEN, LLC
### COUNSELORS AT LAW

HERBERT J. STERN
KEVIN M. KILCULLEN
JEFFREY SPEISER
JOEL M. SILVERSTEIN
EDWARD S. NATHAN
PASQUALE J. RUFOLO
JOHN P. INGLESINO
LINDA A. ELFENBEIN
TERRY L. TRANTINA
JOHN P. WYCISKALA
LISA D. TAYLOR
MARK W. RUFOLO
STEVEN D. GORELICK

75 LIVINGSTON AVENUE
ROSELAND, NEW JERSEY 07068

TEL: 973-535-1900
FAX: 973-535-9664

LING LAU
MELISSA L. NIGLIO GELADE
SHAUN T. HUGHEY
NATHAN J. STEIN
MICHAEL DINGER
BRIAN J. DEBOER
HOWARD B. TAT
EDUARDO J. JIMENEZ

RICHARD EDWARD HAMILTON
OF COUNSEL

February 5, 2008

**Via Fax and Regular Mail**
Gregory Calabro, Esq.
Calabro & Associates, P.C.
1412 Broadway
Suite 1504
New York, NY 10018

Re:   **Tran Dinh Truong, Alphonse Hotel Carter v. New York Hotel & Motel Trades Council, AFL-CIO, The Office of the Impartial Chairman and Peter Ward, SDNY No. 07-CV-11383(RJH)**

Dear Mr. Calabro:

As counsel for defendant the Office of the Impartial Chairman ("OIC") in the referenced action, I write pursuant to advise you that, as specifically described below, your claims against OIC are completely devoid of merit on their face, and, should you fail to withdraw them within twenty-one (21) days of this letter, we will request a pre-motion conference to seek the Court's permission to move for (i) judgment pursuant to Fed. R. Civ. P. 12(c) and (ii) attorney's fees and other sanctions pursuant to Fed. R. Civ. P. 11 against you, your firm, and your client for maintaining patently frivolous litigation against OIC.

Fed. R. Civ. P. 11 provides, in part, that by presenting (whether by signing, filing, submitting, or later advocating) a pleading an attorney is certifying that to the best of his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; (2) the claims and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; (3) the allegations and other factual contentions are warranted on the evidence. The standard for imposing sanctions under Rule 11 is one of objective unreasonableness, and does not turn on the subjective beliefs of the person who committed, or is responsible for, the asserted violation of Rule 11.

The claims you and your client (hereinafter "your client" or the "Hotel") have asserted against OIC are patently frivolous: plainly barred by OIC's arbitral immunity, they can only have

Gregory Calabro, Esq.
February 5, 2008
Page 2

been interposed for an improper purpose, apparently as a reprisal for arbitration decisions with which your client is dissatisfied.

As the Second Circuit has held:

> [A]rbitrators in contractually agreed upon arbitration proceedings are absolutely immune from liability in damages for all acts within the scope of the arbitral process.
>
> \* \* \*
>
> [e]xtension of arbitral immunity to encompass boards [that] sponsor arbitration is a natural and necessary product of the policies underlying arbitral immunity; otherwise the immunity extended to arbitrators is illus[ory]. It would be of little value to the whole arbitral procedure to merely shift the liability to the sponsoring association.

*Austern v. Chicago Board Options Exchange Inc.*, 898 F.2d 882, 886 (2d Cir.) (citations omitted), *cert. denied*,111 S.Ct. 141 (1990); *see also id.* ("the Courts of Appeals that have addressed the issue have uniformly immunized arbitrators from civil liability for all acts performed in their arbitral capacity").

On the face of your client's Verified Complaint, all of your claims against OIC are barred by OIC's arbitral immunity:

- In paragraph 1 you correctly describe your lawsuit as "an action... seeking monetary damages"[1] – precisely the sort of claims from which the Second Circuit has held that arbitrators and organizations which sponsor arbitration are absolutely immune. *Austern*, 898 F.2d at 886.

- In paragraph 13, you correctly describe OIC as precisely the sort of "sponsoring organization" that the Second Circuit has held to be entitled to arbitral immunity: "a standing organization of labor arbitrators empanelled to hear disputes arising out of the Industry Wide Agreement ('IWA')." Verified Compalint ¶ 13; *Austern*, 898 F.2d at 886.

- All of the alleged acts on the basis of which you seek to hold OIC liable are precisely the sort of "acts within the scope of the arbitral process" as to which the Second Circuit has held that arbitrators and organizations which sponsor arbitration are immune from liability (*Austern*, 898 F.2d at 886). *See* Verified Complaint ¶ 2(g) ("a decision in [the Union's] favor by the Impartial Chairman, despite no valid proof"); ¶ 2(h) (OIC's "proceeding, against its own policies, in allowing" the Union "to set up a hearing" concerning a grievance on behalf of a former employee seeking six days back pay); ¶ 2(i) ("The Impartial Chairman supported the Union and these persons despite no valid

---

[1] Verified Complaint ¶ 1; *see also id.* ¶¶ 21, 28, 34, and prayer for relief, which seek, on each of the Complaint's three causes of action, "Judgment... in the amount of [or "in no event less than"] Five Million Dollars ($5,000,000.00)).

Gregory Calabro, Esq.
February 5, 2008
Page 3

proof"); ¶ 2(k) (a ruling in favor of a hotel employee who "falsely claimed that the Hotel had told her she would be fired if she went to the Union"); ¶ 2(l) ("issuing an arbitration award requiring the Hotel to engage a specific industrial consultant to conduct an inspection of health and safety at the Hotel, in contravention of the Collective Bargaining Agreement"); ¶ 2(n) ("The Impartial Chairperson has failed to timely schedule a hearing when Plaintiff files a grievance as against the Union"); ¶ 2(o) ("The Impartial Chairperson has issued an arbitration award regarding alleged health and safety violations without holding a hearing and in contravention of the Collective Bargaining Agreement").

In short, by presenting the Verified Complaint (whether by signing, filing, submitting, or otherwise advocating it), notwithstanding that, on their face, its claims against OIC are obviously barred by OIC's arbitral immunity, you and your client have violated your certification under Fed. R. Civ. P. 11(b)(2) that "the claims... and other legal contentions [in the Verified Complaint] are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law."

Further, given the Verified Complaint's expression of your client's dissatisfaction with the results of arbitrations administered by OIC, and your assertion of the claims against OIC despite the absolute legal bar prohibiting those claims, one can hardly avoid the conclusion that those claims are an improper reprisal for rulings against your client in those arbitrations. Should you fail to withdraw these claims within the 21-day safe harbor period following your receipt of this letter, that conclusion would only be confirmed, as would the resulting violation of your verification under Fed. R. Civ. P. 11(b)(1) that the Verified Complaint "is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation."

In conclusion, should you fail to withdraw all of your claims against OIC within twenty-one (21) days of this letter, we will request a pre-motion conference to seek the Court's permission to move for (i) judgment pursuant to Fed. R. Civ. P. 12(c); and (ii) attorney's fees and other sanctions pursuant to Fed. R. Civ. P. 11, against you, your firm, and your client for maintaining patently frivolous litigation against OIC.[2]

Very truly yours,

Joel M. Silverstein

cc:   Mr. Barry N. Saltzman, Esq.

---

[2] Nothing in this letter should be construed as a waiver of any rights, claims, or defenses of OIC, all of which are hereby reserved.