UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x    Case No. 1:07-Civ-11383 (RJH)
TRAN DINH TRUONG, individually and on                            :
behalf of ALPHONSE HOTEL CORP. d/b/a/                            :
HOTEL CARTER                                                     :
                                                                 :
           Plaintiff,                                          :
   -against-                                                    :
                                                                 :    **AFFIDAVIT IN OPPOSITION**
NEW YORK HOTEL & MOTEL TRADES                                    :    **TO THE UNION'S AND WARD'S**
COUNSEL, AFL-CIO, and THE OFFICE                                 :    **MOTION JUDGMENT ON THE**
OF THE IMPARTIAL CHAIRMAN and                                    :    **PLEADINGS**
PETER WARD,                                                      :
                                                                 :
           Defendants.                                         :
------------------------------------------------------------------x
STATE OF NEW YORK    )
                                   ) ss:
COUNTY OF NEW YORK  )

      DAVID M. LEVY, being duly sworn, deposes and says:

      1.     I am an attorney admitted to practice before this Court and the courts of the State of New York, and a partner in the law firm of Robinson Brog Leinwand Greene Genovese & Gluck, P.C. I have also represented the Alphonse Hotel Corporation d/b/a Hotel Carter (the "Hotel") and Mr. Tran D. Truong in a number of matters over the past several years. I respectfully submit this affidavit on behalf of Plaintiff Tran Dinh Truong ("Truong") in opposition to Defendants The New York Hotel & Motel Trades Council, AFL-CIO (the "Union") and Defendant Peter Ward ("Ward") motion for judgment on the pleadings based upon my personal knowledge of various facts and circumstances set forth below.

**A.    The Article 75 Proceeding**

      2.     By a Notice of Petition and Petition dated September 24, 2007, the Hotel commenced a proceeding pursuant to CPLR § 7511(b)(ii) and (iii) against the Union individually

and on behalf of Ana Pena ("Pena") and Elizabeth Santiago ("Santiago") for an order directing that an arbitration award dated July 27, 2007 (the "Award") rendered by The Office of the Impartial Chairman ("OIC") be vacated and set aside. The Petition was predicated on the central allegations that the OIC's arbitration award was arbitrary and capricious and legally infirm based upon the actual and perceived partiality of the OIC and its demonstrated bias against the Hotel. A copy of the Notice of Petition and Petition is annexed hereto and made part hereof as Exhibit A.

3. In or about October 2006, the Union filed two grievances with the OIC on behalf of Pena and Santiago (who claimed to have been employees of the Hotel) seeking payment of wages under the Union's collective bargaining agreement and reinstatement. The Hotel denied Pena's and Santiago's allegations that they were unlawfully terminated on the ground that they were never employees, but rather probationary employees who were discharged from their probationary employment at the Hotel based upon their documented theft of guest property on the Hotel's premises. (Petition ¶¶ 7,19-22).

4. The grievances were presented jointly during arbitration hearings before the OIC on April 24 and May 15, 2007 at which I was present and represented the Hotel as counsel as counsel. (Petition ¶ 8).

5. In addition to the testimony from Pena and Santiago, two witnesses from the Hotel also testified -- Ms. Hana Pham, the housekeeping supervisor at the Hotel and Mr. Abdul Yakob who, at all relevant times, was the general manager of the Hotel principally responsible for guest relations and security. Pena and Santiago testified that they were employees of the Hotel since on or about June 30, 2005. Their uncorroborated testimony was that they were paid in cash every five days. On cross-examination, neither Pena nor Santiago were able to document

the receipt of any cash or other wages from the Hotel. Pena testified that she worked everyday, seven days a week from June 3, 2005 through September 12, 2006. Santiago testified that she worked "mostly five days a week," sometimes seven, through the beginning of January 2006. Santiago also testified there was no housekeeping work at the Hotel from January through March 2006. At best, the meager documentation offered by the grievants established only that they performed limited work on a probationary basis during an extremely limited period of time. The grievants' recollection of these purported events was not only undocumented and uncorroborated, but was internally inconsistent and entirely incredible. (Petition ¶¶ 10-13).[1]

6.  In stark contrast, the evidence offered by the Hotel was compelling and virtually unimpeachable. Ms. Hana Pham testified that Pena applied for a housekeeping position, however worked as a housekeeper on a probationary basis. Ms. Pham further testified that Pena's brief probationary employment at the Hotel came to an end when she was discharged based upon claims of theft by Hotel guests. Ms. Pham's testimony was substantiated by the very documents offered by Pena and Santiago. In addition, the Union and the grievants conceded that neither Penna nor Santiago had been identified by the Union in the context of the bargaining unit-wide settlement of grievances for sick days, personal days, vacation time and back-wages which was carefully negotiated between the Hotel and Union. (Petition ¶¶ 15 -17).

---

[1] Significantly, Ms. Yolanka Pena, a housekeeper and the Union delegate from the Hotel during the relevant time period did not appear to give testimony to verify whether Pena or Santiago had ever worked at the Hotel. (Petition ¶ 14).

7. Notwithstanding the unconverted evidence of Pena's criminal misconduct at the Hotel[2], the credible testimony and documentary evidence offered by the Hotel and the incredible and inconsistent testimony of Pena and Santiago, the OIC rendered a written award dated June 27, 2007 which sustained the grievance and ordered Pena and Santiago to be reinstated at the contractual rate of pay under the collective bargaining agreement. (Petition ¶ 23).

8. Consequently, the Hotel commenced an proceeding pursuant to CPLR §7511(b)(ii) and (iii) seeking to vacate the OIC's award dated June 27, 2007 on the grounds that: (i) the award was arbitrary and capricious by failing to acknowledge substantial proofs offered by the Hotel; (ii) the award was legally infirm based upon the continued bias and demonstrated partiality of the OIC in favor of the Union.

**B.     <u>Withdrawal of Article 75 Petition in Lieu of Discrimination Action</u>**

9. In or about December 2007, the Article 75 Petition was withdrawn by the Hotel in lieu of commencement of the instant action seeking damages for unlawful discriminatory practices in violation of Section 8-107 of the Administrative Code of the City of New York and Article 15 of the New York State Executive Law.

10. Based upon my own personal dealings with the Hotel, Union and OIC as former-counsel to the Hotel in various matters, it is apparent that the Union and OIC is biased against Plaintiff and the Hotel. This demonstrated lack of impartiality has been further exacerbated by the hostile and increasingly contentious relationship between the Hotel and Union which

---

[2] The OIC also heard unassailable testimony from Mr. Abul Yakob, the general manager of the Hotel at all relevant times. He testified regarding the theft of Hotel guest's personal property and the ongoing police investigation. He further testified that he reviewed the Hotel computerized key system and determined that access to the burglarized guest rooms had been made with the electronic key issued to Pena in order to perform housekeeping duties during her probationary employment. (Petition ¶ 20).

pervades the arbitration proceedings initiated by the Union with the OIC.

11.  Therefore, I respectfully submit that: (i) Truong's discrimination claims should not be subject to arbitration; (ii) Truong cannot obtain impartial relief in arbitration as the OIC and Union are acting in concert.

**WHEREFORE**, I respectfully submit that the Union's and Ward's motion for judgment on the pleadings be denied in all respects.

/s/ David M. Levy<br>David M. Levy

Sworn to before me this
\_\_\_\_ day of May, 2008

_____
NOTARY PUBLIC