CALABRO & ASSOCIATES, P.C.
1412 Broadway
Suite 1504
New York, New York 10018
(646) 688-6095
*Attorneys for Tran Dinh Troung,*
*individually and on behalf of*
*Alphonse Hotel Corp. d/b/a Hotel Carter*

Cathy O'Donnell, Esq. (CO0973)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
TRAN DINH TRUONG, individually and on  :
behalf of ALPHONSE HOTEL CORP. d/b/a/  :
HOTEL CARTER                           :
                                       :
                    Plaintiff,         :
    -against-                          :      Case No. 1:07-Civ-11383 (RJH)
                                       :
NEW YORK HOTEL & MOTEL TRADES          :
COUNSEL, AFL-CIO, and THE OFFICE       :
OF THE IMPARTIAL CHAIRMAN and          :
PETER WARD,                            :
                                       :
                    Defendants.        :
-----------------------------------------------------------------x

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION**
**TO DEFENDANT THE OFFICE OF THE IMPARTIAL CHAIRMAN'S**
**<u>MOTION FOR JUDGMENT ON THE PLEADINGS</u>**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................ 1

ARGUMENT ...................................................................................................................... 2

POINT I  THE OIC IS NOT ENTITLED TO JUDGMENT
ON THE PLEADINGS ............................................................................... 2

    A.    Standard of Review ...................................................................... 2

    B.    The OIC's Unlawful Discrimination Falls Outside the Scope
of the Arbitral Process .................................................................. 2

    C.    The OIC's Motion for Judgment on the Pleadings is Subject to
Heightened Scrutiny as Plaintiff Complains
of Civil Rights Violations ............................................................. 4

    D.    Plaintiff Cannot Obtain Relief in Arbitration as the OIC and
Union Act in Concert ................................................................... 9

CONCLUSION ................................................................................................................... 11

**PRELIMINARY STATEMENT**

Plaintiff Tran Dinh Truong ("Plaintiff" or "Truong"), individually and as president of Alphonse Hotel Corp. d/b/a Hotel Carter (the "Hotel"), commenced this action to recover damages arising out of Defendants' campaign of "national origin" discrimination in violation of Section 8-107 of the Administrative Code of the City of New York and Article 15 of the New York State Executive Law, and to recover damages for severe emotional distress caused as a direct and proximate result of Defendants' unlawful discrimination.[1]  Defendant the Office of the Impartial Chairman (the "OIC") brings the instant motion for judgment on the pleadings pursuant to FRCP Rule 12(c).

As is demonstrated below, the OIC's motion must be denied in all respects as, pursuant to Rule 12(c), Plaintiffs' claims are not barred by the doctrine of arbitral immunity.  The OIC is not absolutely immune from civil liability for damages as Plaintiffs' "national origin" discrimination claims fall squarely outside the scope of the arbitral process.  As Plaintiffs' claims are not barred by the doctrine of arbitral immunity, the award of judgment on the pleadings dismissing the Complaint is soundly improper.  In addition, substantial justice and due process mandates that judgment on the pleadings be denied and Plaintiffs' claims ultimately be determined on the merits as the OIC and Defendant New York Hotel & Motel Trades Counsel, AFL-CIO (the "Union") and Defendant Peter Ward ("Ward") have engaged in a pattern of concerted conduct calculated (*i.e.*, aiding and abetting) to harm Plaintiff based upon his national origin.

For a complete recital of the facts relevant to the motion at bar, the Court is respectfully referred to the accompanying affidavit of Plaintiff Tran Dinh Truong.

---

[1] This civil action was commenced in the Supreme Court of the State of New York, County of New York, and was removed to this Court pursuant to the provisions of 28 U.S.C. § 1441.

**ARGUMENT**

**THE OIC IS NOT ENTITLED TO JUDGMENT ON THE PLEADINGS**

The OIC contends that it is entitled to judgment on the pleadings dismissing Plaintiff's claims in their entirety on the sole ground of arbitral immunity. As is shown below, this is erroneous, and the reliance on the doctrine misplaced.

**A.    Standard of Review**

Under FRCP Rule 12(c), a party may move for judgment on the pleadings after the pleadings are closed. A plaintiff need not establish anything in the context of a motion for judgment on the pleadings; such motions are governed by the same standard as applies to motions to dismiss, and the Court must thus accept all of the complaint's allegations as true and draw all reasonable inferences in favor of the plaintiff. *Bishop v. Toys "R" US-NY LLC*, 414 F.Supp.2d 385 (S.D.N.Y., 2006). A complaint should not be dismissed under Rule 12(c) unless it appears that the plaintiff "cannot state any set of facts that would entitle him to relief." *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir., 2001).

In the motion at bar, the OIC has failed to meet its burden in moving for judgment on the pleadings on three grounds.

**B.    The OIC's Unlawful Discrimination Falls Outside the Scope of the Arbitral Process**

Contrary to OIC's contention, OIC is not *absolutely* immune from liability for damages under the veil of arbitral immunity as its acts fall squarely outside the scope of the arbitral process. In its motion, OIC relies solely on the case of *Austern v. Chicago Board Options Exchange*, 898 F.2d 882 (2d Cir. 1990). However, *Austern* is factually distinguishable from the case at bar.

In *Austern,* the central question presented was whether a commercial organization sponsoring a contractually agreed upon arbitration is immune from civil liability for improperly noticing the arbitration hearing and improperly selecting the arbitration panel. *Id.*, 898 F.2d at 883. In their complaint, the plaintiff-investors aggrieved by a decision of an arbitration panel (which was later set aside by a federal court) sued the defendant which sponsored the arbitration for mental anguish and the expenses of defending against a confirmation action. The United States District Court for the Southern District of New York dismissed the complaint. The plaintiffs-investors appealed. The Second Circuit Court of Appeals determined that the acts were performed directly in connection with the management of contractually agreed upon arbitration, and as such were sufficient to justify immunity. Thus, *Austern* is an example where it was properly held that defendants were immune from civil liability "for all acts performed within their arbitral capacity." *Id.*, 898 F.2d at 886.

Conversely, *Austern* holds that arbitrators are not absolutely immune from civil liability for acts that fall outside the scope of the arbitral process.

Contrary to OIC's contentions, the acts complained of in the Verified Complaint are unlike those alleged in *Austern*. In that case, the specific arbitral acts complained of were defective notice and improper selection of the arbitration panel. Clearly, those are ministerial acts. Here, the Verified Complaint contains detailed allegations of specific conduct which, if proven at trial, could give rise to an inference of discrimination. As such, the OIC's alleged unlawful discrimination predicated upon Plaintiff's national origin cannot be categorized as acts within the scope of the arbitral process. Indeed, imposing liability on the OIC for civil rights violations - which have directly and proximately caused Plaintiff severe emotional distress - does not undermine the policy

3

of arbitral immunity, but rather preserves and protects Plaintiff's constitutional rights to equal protection under the law. As such, there is also a strong public policy argument in support of piercing OIC's veil of arbitral immunity under the present circumstances.

In conclusion, although arbitral immunity protects the OIC's decision making, as a quasi judicial act, it does not shield OIC from civil liability for civil rights violations that are derived from the Legislature and the Federal and State constitutions. In the Verified Complaint, Plaintiff does *not* seek relief from the multitude of unfavorable decisions rendered by OIC or for its failure to abide by its own internal administrative policies, but rather prays for relief predicated upon OIC's "national origin" discrimination. As such, arbitral immunity does not shield the OIC from liability for damages in the case at bar.

Accordingly, it is respectfully submitted that the OIC's motion seeking judgment on the pleadings dismissing the Verified Complaint should be denied.

C. **The OIC's Motion for Judgment on the Pleadings is Subject to Heightened Scrutiny as Plaintiff Complains of Civil Rights Violations**

In *Toys "R" US-NY LLC, supra*, the United States District Court for the Southern District of New York reiterated the well-recognized rule that judgment on the pleadings should be granted *only* if it appears beyond doubt that the plaintiff can plead or prove no set of facts in support of his claim which would entitle him to relief. Relevant to the motion at bar, the court held that:

> This standard is applied with particular strictness when the plaintiff complains of a civil rights violation. *Id*., 414 F.Supp.2d at 389, 390 (Internal citations and quotations omitted)(Emphasis added).

In applying this heightened standard of scrutiny, the *Toys "R" US-NY LLC* court held that to survive a motion for judgment on the pleadings, the plaintiff who brought a claim under 42 U.S.C.A. §1981 (Equal Rights provision under the Public Health and Welfare Law) must *allege* the *prima facie* elements of his discrimination claim, which are: (i) the plaintiff is a member of a racial minority; (ii) an intent to discriminate on the basis of race by the defendant; and (iii) the discrimination concerned one or more of the activities enumerated in the statute. *Id.*, 414 F.Supp.2d at 390 citing *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir.1993). *To wit*, to survive a motion for judgment on the pleadings in a civil rights violation case, the plaintiff must merely allege facts which support a claim for relief.

In the case at bar, like *Toys "R" US-NY LLC*, Plaintiff complains of civil right violations. As set forth in the Verified Complaint, Plaintiff asserts a set of facts and a pattern of conduct that not only falls outside the scope of OIC's arbitral immunity, but that also constitutes a violation of Plaintiff's civil rights under Section 8-107 of the Administrative Code of the City of New York and Article 15 of the New York State Executive Law.

The First Cause of Action in the Verified Complaint asserts a claim pursuant to Section 8-107(18) of the Administrative Code of the City of New York, which states:

> It shall be an unlawful discriminatory practice (i) for any person to discriminate against... because of such person's actual or perceived race, creed, color, national origin, gender, disability, age, marital status, partnership status, sexual orientation or alienage or citizenship status... (Emphasis added.)

5

In addition, Section 8-107(6) provides:

> Aiding and abetting. It shall be unlawful discriminatory practice for any person to <u>aid, abet, incite, compel or coerce</u> the doing of any acts forbidden under this chapter, <u>or attempt to do so</u>. (Emphasis added).

Moreover, Section 8-107(19) provides:

> It shall be unlawful discriminatory practice for any person to <u>coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of</u>, or on account of his or <u>her having aided or encouraged any other person in the exercise or enjoyment of</u>, any rights granted or protected pursuant to this section. (Emphasis added).

The Second Cause of Action asserts a claim under New York Executive Law § 296(13)[2], which provides:

> It shall be an unlawful discriminatory practice (i) for any person to discriminate against... because of such person's actual or perceived race, creed, color, <u>national origin</u>, gender, disability, age, marital status, partnership status, sexual orientation or alienage or citizenship status... (Emphasis added).

In addition, Section 296(7) states:

> It shall be unlawful discriminatory practice for any person engaged in any activity to which this section applies <u>to retaliate or discriminate against any person because he or she has opposed any practices forbidden under this article</u>... (Emphasis added).

Discrimination on the basis of "national origin" in employment or employment-related matters is broadly condemned by the New York State and City human rights laws and other federal

---

[2] See Article 15 of the New York Human Rights Law.

measures (*i.e.*, Title VII of the Civil Rights Act of 1964). For purposes of the New York State Human Rights Law, the term "national origin" includes "ancestry" and thus employment discrimination is prohibited not only if based upon the country in which the complainant himself or herself was born, but if based upon the country in which the complainant's ancestors were born. N.Y. Executive Law § 292(8); *Ingalls v. Town of Lyndon*, 127 Misc.2d 442, 486 N.Y.S.2d 659 (Sup. Ct. NY Co.,1985).

In the case at bar, Plaintiff meritoriously asserts that the OIC and Union have engaged in a concerted course of unlawful discrimination based upon Plaintiff's national origin. (Truong *Aff.* ¶¶ 6-8). This is precisely the type of unlawful discrimination condemned by the letter of the law (*i.e.*, Executive Law § 296 and Section 8-107 of the Administrative Code of the City of New York). Moreover, as set forth in Truong's accompanying affidavit, the unlawful acts of the OIC and Union complained of include as follows:

i.  Various investigations conducted by the Union without notice and which were undertaken solely to harass, embarrass and harm Plaintiff, due to his national origin, and the OIC and Union have attempted to <u>take advantage of Plaintiff due to the fact that there is a language barrier</u>. *See also* Verified Complaint ¶ 17;

ii. OIC and the Union have consistently and persistently <u>acted in a demeaning nature towards Plaintiff</u>, they have called meetings with Plaintiff, made Plaintiff wait for two hours and then dismissed Plaintiff without further explanation or justification. *See also* Verified Complaint ¶ 2(m);

iii. OIC and the Union failing to address the Hotel's concerns about Hamidou Diallo, who fought constantly with another employee because that employee did not agree with the Union. The Union did not follow up on Plaintiff's complaints and took no steps to reprimand, warn or reassign either one of these employees. <u>Ultimately, this led to the murder of the other employee by Hamidou Diallo</u>, which led to bad publicity for the Hotel and the loss of substantial income for the Hotel. *See also* Verified Complaint ¶ 2(h);

  iv. The Union has initiated spurious and entirely frivolous investigations intended (a) to unfairly burden the Hotel and its managers to produce voluminous business records; (b) to gain forcible entry into areas of the Hotel reserved for guests and service areas, steam rooms, telephone rooms and storage rooms for reasons having nothing to do with the collective bargaining agreement but which are intended to harass and embarrass Plaintiff and to unlawfully disrupt business operations. *See also* Verified Complaint ¶ 3; when complaints were made to OIC requesting an emergency hearing due to the "union invasion" when the union sent in dozens of people, OIC scheduled the hearing date for months later, continuing the pattern of working with the union to discriminate against Plaintiff;

  v. Forcing Plaintiff to continue the employment of certain individuals who are clearly insubordinate, overtly hostile, and <u>physically violent</u> toward management and their co-workers and who have in the presence of the Union officials threatened bodily harm against the Hotel's management. *See also* Verified Complaint ¶ 2(a);

As a direct and proximate cause of the said unlawful activities, Plaintiff has suffered the indignity of discrimination, the invasion of his right to be free from discrimination, and great humiliation, which has manifested in physical illness and emotional stress. As the Court is constrained to accept all of the Verified Complaint's allegations as true and draw all reasonable inferences in favor of Plaintiff on OIC's motion for judgment on the pleadings, and as there is heightened scrutiny on the such motion where civil right violations are raised, the OIC has failed to meet its burden on the instant motion.[3]

Accordingly, pursuant to *Toys "R" US-NY LLC,* the OIC's motion for judgment on the pleadings should be denied as Plaintiff set forth its *prima facie* claims for unlawful "national origin" discrimination under Section 8-107 of the Administrative Code of the City of New York and New

---

[3] Notably, there exists disputed issues of fact for trial as the Plaintiff's discrimination allegations have been denied by the OIC and Union. In light of the foregoing, a glaring omission from the OIC's motion is a supporting affidavit submitted by an individual with personal knowledge of the facts surrounding this matter.

York Executive Law § 296.

**D.   Plaintiff Cannot Obtain Relief in Arbitration as the OIC and Union Act in Concert**

In addition to OIC's lack of arbitral immunity and its failure to meet the heightened scrutiny standard on its motion, substantial justice mandates that OIC's motion be denied and the matter proceed to discovery as Plaintiff cannot obtain unbiased relief before the OIC. Based upon the history between the parties since the inception of their contractual relationship, it has become clear that OIC and the Union are acting in concert to discriminate against Plaintiff.

To illustrate, subsequent to the murder committed by Hamidou Diallo of a fellow Hotel employee, in or about 1998, Mr. Diallo claimed that he was owed pay for a six (6) day period and requested that the Union obtain those funds for him. Ten years later, Hamidou Diallo commenced a court action seeking monies from the Hotel and alleging that the Union had failed to fairly represent him.[4] Despite the fact that in order to prove unfair representation, it must be proven that the Union acted far outside a wide range of reasonableness, and that Mr. Diallo did not prove this factor, the Union, instead of fighting this claim, set up a hearing on this grievance, causing Plaintiff to be harmed by having to prove its' defense over *ten years later* and the OIC proceeded, against its' own policies, in allowing this to take place. (Truong *Aff.* ¶¶11-13 and Verified Complaint ¶2(h)).

As a result of the OIC's and Union's concerted improper acts, Hamidou Diallo commenced an action in 2005 against Plaintiff seeking alleged back-pay. This matter should have been resolved. Nevertheless, the Diallo case is pending and awaiting a trial date.

Accordingly, Plaintiff respectfully submits that substantial justice mandates that the instant

---

[4] See *Hamidou Diallo v. New York Hotel & Motel Trades Council Local 153 and Alphonse Hotel Corp.* (O5 Civ. 00430)(LAP).

motion on the pleadings be denied on the ground that Plaintiff is effectively barred from obtaining relief in arbitration, and as such the OIC should not be found to be protected from this conduct due to arbitral immunity.

## CONCLUSION

**WHEREFORE**, it is respectfully requested that this Court deny the OIC's motion in its entirety and grant Plaintiff such other and further relief as the Court deems just and proper under the present circumstances.

Dated: New York, New York
      May 22, 2008

CALABRO & ASSOCIATES, P.C.
*Attorneys for Tran Dinh Troung,*
*individually and on behalf of*
*Alphonse Hotel Corp. d/b/a Hotel Carter*

/s/ Cathy O'Donnell
By: Cathy O'Donnell, Esq. (CO 0973)
1412 Broadway
Suite 1504
New York, New York 10018
(646) 688-6095