CALABRO & ASSOCIATES, P.C.
1412 Broadway - Suite 1504
New York, New York 10018
(646) 688-6095

*Attorneys for Tran Dinh Troung,
individually and on behalf of
Alphonse Hotel Corp. d/b/a Hotel Carter*

Cathy O'Donnell, Esq. (CO0973)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
TRAN DINH TRUONG, individually and on :
behalf of ALPHONSE HOTEL CORP. d/b/a/ :
HOTEL CARTER :
:
           Plaintiff, :
  -against- :
:
NEW YORK HOTEL & MOTEL TRADES :
COUNSEL, AFL-CIO, and THE OFFICE :
OF THE IMPARTIAL CHAIRMAN and :
PETER WARD, :
:
           Defendants. :
-----------------------------------------------------------------x

Case No. 1:07-Civ-11383 (RJH)


**PLAINTIFF'S AND CALABRO'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT THE NEW YORK HOTEL & MOTEL TRADES COUNCIL AFL-CIO'S AND DEFENDANT PETER WARD'S MOTION FOR SANCTIONS PURSUANT TO FRCP 11**

**TABLE OF CONTENTS**

*Page*

PRELIMINARY STATEMENT................................................................................... 1

ARGUMENT................................................................................................................. 4

POINT I      THE UNION IS NOT ENTITLED TO RULE 11 SANCTIONS
AS THE CLAIMS OF THE COMPLAINT ARE WARRANTED

       A.     Standard of Review........................................................................ 4

       B.     Rule 11 Monetary Sanctions are not Available Against Plaintiff
or the Hotel..................................................................................... 6

       C.     Collateral Estoppel is not a Bar...................................................... 6

       D.     The Claims of the Complaint are Warranted Under Existing Law
or a Reasonable Argument for Extension Thereof......................... 8

       E.     Plaintiff States Meritorious Claims Pursuant to Executive Law
§ 296(1)(C) and Sections 8-107 of the Administrative Code
of the City of New York................................................................ 9

       F.     Plaintiff States a Claim Against the Union and Ward for
Intentional Infliction of Emotional Distress.................................. 10

POINT II     THE UNION AND WARD FAIL TO DEMONSTRATE AN
IMPROPER PURPOSE............................................................................. 12

POINT III    ABSENT BAD FAITH SANCTIONS UNDER 28 U.S.C. § 1927
ARE INAPPROPRIATE ........................................................................... 14

CONCLUSION................................................................................................................ 16

**PRELIMINARY STATEMENT**

Plaintiff Tran Dinh Truong ("Plaintiff" or "Truong"), individually and as president of Alphonse Hotel Corp. d/b/a Hotel Carter (the "Hotel"), commenced this action to recover damages arising out of Defendants' "national origin" discrimination in violation of Section 8-107 of the Administrative Code of the City of New York and Article 15 of the New York State Executive Law, and to recover damages for extreme emotional distress caused as a result of Defendants' unlawful discrimination. Defendant The New York Hotel & Motel Trades Council, AFL-CIO (the "Union") and Defendant Peter Ward ("Ward") bring the instant motion for sanctions against Plaintiff, the Hotel and Plaintiff's counsel, Calabro & Associates, P.C. ("Calabro") pursuant to FRCP Rule 11 as well as 28 U.S.C. § 1927. Plaintiff and Calabro respectfully submit this memorandum of law in opposition to the Union's and Ward's baseless motion.

As will be demonstrated below, the Union and Ward are not entitled to sanctions in any form under Rule 11 and/or Section 1927. The claims of the Complaint are warranted as a matter of fact and law.[1] The claims are not baseless, frivolous or barred by collateral estoppel as urged by opposing counsel. To the contrary, the claims contained in the Complaint are founded in existing law or, alternatively, constitute reasonable arguments for an extension of existing law. Plaintiff's discrimination claims are not preempted by Section 301 of the Labor Management Relations Act ("LMRA") or the arbitration provision of the Union's Industry Wide Agreement ("IWA") as: (i) this Court, by Judge Holwell, has expressly held that New York State and City discrimination claims

---

[1] The Court is respectfully referred to Plaintiff's Memorandum of Law, the Affidavit of Truong and the Affidavit of David M. Levy submitted in opposition to the Union's and Ward's motion for judgment on the pleadings for a complete recital of the factual and legal merits of Plaintiff's claims.

1

may not be mandated to arbitration under a union-negotiated collective bargaining agreement, and any such provision of a collective bargaining agreement that purports to do so is unenforceable (*Kraver v. Triangle Services, Inc..,* 509 F.Supp.2d 407, 409 (S.D.N.Y. 2007)); and (ii) Plaintiff's discrimination claims are not preempted by LMRA 301 because state and city human rights claims are "truly independent" of the IWA, and as such Plaintiff is not required to exhaust the IWA's grievance or arbitration procedures prior to commencement of this action (*Dougherty v. American Telephone and Telegraph Co.,* 902 F.2d 201 (2d Cir. 1990)).  Also, the Third Cause of Action for intentional distress is warranted as the *Martin* pleading requirement is inapplicable.  *Martin v. Curran*, 303 N.Y. 276, 101 N.E.2d 638 (1951).  Alternatively, an extension of *Martin* is warranted in cases where tortious conduct and the resulting damage is attendant to human rights violations.  Therefore, Plaintiff and Calabro have asserted warranted claims as required by Rule 11(b)(2).

Contrary to the Union's and Ward's Point II, the claims of the Complaint are brought for a proper purpose - to eradicate the Union's, Ward's and OIC's campaign of, and aiding and abetting in, unlawful "national origin" discrimination in clear violation of Section 8-107(1)(C) and (6) of the Administrative Code of the City of New York and New York Executive Law 296(1)(C).  Contrary to opposing counsel's gross misinterpretation of the statutes and their mischaracterization of *Joseph A. Gomez v. New York Executive Dep't. Div. Human Rights.* 122 A.D.2d 337, 504 N.Y.S.2d 307 (3rd Dept. 1986)(holding <u>contractors</u> are not "employers" within the purview of the Section 296(1)(C)), Plaintiff - an "employer" - unequivocally has a cause of action against the Union - a "labor organization" - under the letter and spirit of the state and city human rights statutes.  The Union and Ward outrageously contend that under *Joseph A. Gomez* "the State Appellate Division has held for over twenty years that no such [discrimination] claims exist by an employer against union."

(Memorandum of Law, pg. 2). This is patently false under the plain language of the statutes as well as *Joseph A. Gomez, supra*. Thus, Plaintiff and Calabro assert claims for a proper purpose in compliance with Rule 11(b)(1).

Finally, contrary to the Union's and Ward's Point III, sanctions against Calabro in the form of reimbursement of opposing counsel's attorneys' fees are inappropriate under the letter of 28 U.S.C. § 1927. The Union and Ward have failed to allege, let alone demonstrate, any bad faith on the part of Calabro. The mere fact that Calabro refused to withdraw the Complaint in view of opposing counsel's "Rule 11 Letter" does not constitute bad faith. Further, Calabro was under no obligation to withdraw the Complaint as the Union's arguments are frivolous, baseless and intended to intimidate Plaintiff and Calabro into withdrawing this action.

As opposing counsel should be aware, Rule 11 motions are not be employed to test the legal sufficiency of the allegations in the pleadings. Nor should Rule 11 motions be utilized to emphasize the merits of a party's position, to increase the costs of litigation or to intimidate an adversary into withdrawing contentions that are honestly debatable. In the past, the Union, Ward and OIC have been afforded the luxury of concealing their unlawful practices under their arbitral veil. In the case at bar, the Union's and OIC's veil has and should have been duly lifted.

## POINT I

## THE UNION IS NOT ENTITLED TO RULE 11 SANCTIONS AS THE CLAIMS OF THE COMPLAINT ARE WARRANTED

In Point I, the Union contends that financial sanctions are proper on the ground that Calabro failed to perform even a perfunctory investigation into the laws and facts that form the basis of the Complaint, as required under FRCP Rule 11(b)(2). The Union further contends that had Calabro done such an investigation, it would have realized that the claims are collaterally barred or they fail to state a claim upon which relief can be granted. The Union's bald assertions are without merit.

A.  **Standard of Review**

Under FRCP Rule 11(b), by presenting to the court a pleading, written motion, or other paper - whether by signing, filing, submitting, or later advocating it - an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

The decision whether to impose sanctions for a violation of Rule 11, as amended in 1993, is committed to the court's discretion. *Simon DeBartolo Group, L.P. v. Richard E. Jacobs Group, Inc*. 186 F.3d 157, 166 (2d Cir. 1999). The central goal of Rule 11 sanctions is deterrence of

baseless filings and curbing of abuses, and the district court should not impose sanctions so as to chill creativity or stifle advocacy. *Photocircuits Corp. v. Marathon Agents, Inc.*, 162 F.R.D. 449 (E.D.N.Y.1995); *Caisse Nationale de Credit Agricole-CNCA v. Valcorp*, 28 F.3d 259 (2d Cir.1994); *Securities Indus. Ass'n v. Clarke*, 898 F.2d 318, 322 (2d Cir. 1990). In imposing Rule 11 sanctions, the court is to resolve all doubts in favor of the signer. *Oliveri v. Thompson*, 803 F.2d 1265, 1275 (2d Cir.1986), *cert. denied sub nom. Suffolk County v. Graseck,* 480 U.S. 918, 107 S.Ct. 1373 (1987).

"Rule 11 cannot be allowed to thoroughly undermine zealous advocacy... This is especially so in civil rights cases involving unpopular clients." *Kramer v. Grant County*, 892 F.2d 686, 690 (7th Cir. 1990). Mindful of the need to exercise discretion, this Court has held that it is not inclined to impose Rule 11 sanctions where there is some arguable basis for sustaining the civil rights claims. *Levy v. City of New York*, 726 F.Supp. 1446, 1456-57 (S.D.N.Y.1989)(absent egregious conduct on the part of counsel, court is reluctant to impose Rule 11 sanctions in civil rights action). Although no special treatment is generally accorded to attorneys who handle unpopular civil rights claims, the Advisory Committee Notes state that courts should not award Rule 11 sanctions in civil rights cases in a manner that would be inconsistent with the standards governing the award of attorneys' fees under 42 U.S.C.A. § 1988. See also *Ortiz v. Regan*, 980 F.2d 138 (2d Cir. 1992)(recognizing that the Civil Rights Attorneys Fees Awards Act was designed to allow private individuals a meaningful opportunity to vindicate civil rights violations). In *Levy, supra,* the District Court, by Judge Leisure, notably held that:

> This Court is reluctant to impose Rule 11 sanctions
> absent egregious conduct on the part of counsel. The
> Court cannot find such neglect of duty here. Counsel

5

> has provided the Court with substantial documentation to back plaintiffs' factual claims.... <u>In an action such as this one, where individuals are claiming their civil rights have been violated, the Court does not wish to place itself in the position of repressing attempts to vindicate those rights by an injudicious use of sanctions</u>. Accordingly, defendants' Rule 11 motion is denied. Id., at 1456-57. (Emphasis added).

As demonstrated below, Rule 11 sanctions in any form are soundly inappropriate absent the Union's and Ward's showing of egregious and baseless conduct on the part of Plaintiff, the Hotel and/or Calabro.

**B.    Rule 11 Monetary Sanctions are not Available Against Plaintiff or the Hotel**

As a threshold matter, FRCP 11(c)(5)(A) provides that the court may not impose monetary sanctions against a represented party for an alleged violation of Rule 11(b)(2). The Union and Ward seek monetary sanctions against Plaintiff and the Hotel for the alleged violation of Rule 11(b)(2). However, as they are represented by counsel, the branch of the Union's motion pursuant to Rule 11 seeking monetary sanctions against Plaintiff and the Hotel should be denied on its face under Rule 11(c)(5)(A).

**C.    Collateral Estoppel is Not a Bar**

Contrary to the Union's and Ward's contention, the claims of the Complaint are not collaterally barred. The New York law of collateral estoppel employs a two-part test: (i) a party is estopped from re-litigating an issue when that issue was necessary to the resolution of the prior action; and (ii) the party against whom estoppel is invoked had a full and fair opportunity to contest that issue in the previous litigation. *PenneCom, B.V. v. Merrill Lynch and Co., Inc.,* 372 F.3d 488

(2d Cir. 2004), citing *Schwartz v. Pub. Adm'r*, 24 N.Y.2d 65, 70, 298 N.Y.S.2d 955, 960 (1969), *Ryan v. New York Tel. Co.*, 62 N.Y.2d 494, 500-01, 478 N.Y.S.2d 823, 826-27 (1984); *Gilberg v. Barbieri*, 53 N.Y.2d 285, 291, 441 N.Y.S.2d 49, 51 (1981).

In *Alphonse Hotel Corp. v. New York Hotel & Motel Trades Council, AFL-CIO*, 2001 WL 959005 (S.D.N.Y.)( "2001 Action"), Plaintiff brought an action against the Union seeking to evict former employees from residence in the Hotel. In *Alphonse Hotel Corp. v. New York Hotel & Motel Trades Council, AFL-CIO*, 2004 WL 414836 (S.D.N.Y.) *aff'd without opinion*, No. 04-1757 (2d Cir. 4/06/04)("2004 Action"), Plaintiff sued the Union for damages arising out of unfair labor practices and attendant intentional infliction of emotional distress. Contrary to the Union's contention, the 2001 Action and 2004 Action did <u>not</u> allege civil rights violations. Moreover, the 2004 Action's claim for intentional infliction of emotional distress was predicated upon the Union's alleged unfair labor practices. However, in the case at bar, the claim of intentional infliction of emotional distress is predicated on Union's discriminatory practices. Although some of the factual allegations of the Complaint may be similar, Plaintiff did not litigate the issue of civil right violations in the previous actions. As such, there exists no prior determination by any court on the issue of human rights violations and the attendant infliction of emotional distress. Moreover, although the 2001 Action and 2004 Action were ultimately unsuccessful, they do not under New York law collaterally bar the claims of the Complaint or indicate the merits thereof.

Accordingly, collateral estoppel is not a bar.

**D.     The Claims of the Complaint are Warranted Under Existing Law or a Reasonable Argument for Extension Thereof**

Contrary to opposing counsel's bald assertion, Calabro performed not merely a perfunctory investigation, but a more detailed investigation, to determine the legal and factual sufficiency of the

7

Plaintiff's claims. Upon completing that investigation, Calabro determined that the claims are warranted under existing law or, alternatively, constitute reasonable arguments for extension of the existing law.

Specifically, Calabro's investigation revealed that Plaintiff's First and Second Causes of Action for violation of Sections 8-107(1)(C) and (6) of the Administrative Code of the City of New York and New York Executive Law 296(1)(C) are not subject to arbitration. In *Kraver v. Triangle Services, Inc.,* 509 F.Supp.2d 407 (S.D.N.Y. 2007), this Court expressly held that the union-negotiated collective bargaining agreement mandating arbitration of plaintiff's claims of discrimination under the New York City Human Rights Law is unenforceable. In the case at bar, Article 26 of the IWA purports to mandate arbitration of Plaintiff's state and city discrimination claims. Thus, it is unenforceable under *Kraver*.

Moreover, Plaintiff's state and city discrimination claims are not preempted by LMRA § 301 as such claims are "truly independent" of the provisions of the IWA. *Dougherty v. American Telephone and Telegraph Co.,* 902 F.2d 201 (2d Cir. 1990).[2] In *Dougherty,* the Second Circuit observed that Section 301 of the LMRA governs actions by an employee against an employer for breach of a collective bargaining agreement. Before bringing such action, the complainant must exhaust grievance procedures provided by the relevant collective bargaining agreement. Nonetheless, the *Dougherty* court expressly held:

> Of course, not every state law claim is preempted by Section 301, and <u>rights and obligations that are truly</u>

---

[2] As is fully explored in Plaintiff's opposition to the Union's motion for judgment on the pleadings, the Union erroneously cites the *Dougherty* line of cases in support of its contention that Plaintiff's claims are inextricably intertwined with the IWA's arbitration provisions and LMRA Section 301.

8

> independent of a collective bargaining agreement are enforceable. *Id.,* 902 F.2d at 203. (Citations Omitted).

As Plaintiff's discrimination claims are "truly independent" of the IWA, the claims of the Complaint are warranted as a matter of law under *Dougherty,* and as such Rule 11 sanctions are soundly inappropriate.

E.  **Plaintiff States Meritorious Claims Pursuant to Executive Law § 296(1)(C) and Sections 8-107(1) of the Administrative Code of the City of New York**

In addition to the foregoing, Plaintiff states meritorious claims under the New York State and City human rights laws. The Union outrageously contends that the Complaint fails to state a claim upon which relief can be granted on the ground that New York Executive Law § 296(1)(C) protects employees from discrimination by employers, but does not allow an employer to sue a labor union for discrimination against the employer. This is patently false.

Section 8-107(1)(C) of the New York City Administrative Code and New York Executive Law § 296(1)(C) both unambiguously state that it is unlawful discriminatory conduct:

> For a labor organization or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation or alienage or citizenship status of any person, to exclude or to expel from its membership such person or to discriminate in any way against any of its members or against any employer or any person employed by an employer. (Emphasis added.)

The plain language of Section 296(1)(C) makes it unlawful for a "labor organization" to discriminate against "any employer" based upon "national origin." Contrary to the Union's misguided position, *Joseph A. Gomez v. New York Executive Dep't. Div. Human Rights.* 122 A.D.2d 337, 504 N.Y.S.2d 307 (3rd Dept. 1986) does not stand for the proposition that an employer cannot

9

sue a labor organization for unlawful discrimination under the New York State and City discrimination laws. *Joseph A. Gomez* in fact stands for the proposition that a <u>contractor</u> submitting a bid to a labor union is not an "employer" within the purview of Executive Law § 296(1)(C). *Id.*, at 337-338.[3]

Accordingly, *Joseph A. Gomez* does not apply or support the Union's position.

### F.  **Plaintiff States a Claim against the Union and Ward for Intentional Infliction of Emotional Distress**

Additionally, Plaintiff has stated a claim against the Union and Ward for intentional infliction of emotional distress under the New York law. Contrary to the Union's contention, the *Martin v. Curran*, 303 N.Y. 276, 101 N.E.2d 638 (1951) pleading requirement does not apply to the case at bar. Plaintiff's intentional infliction of emotional distress claim is asserted against the Union, not its officers in their representative capacities. In *Martin*, the New York Court of Appeals held that an action to recover damages for allegedly defamatory articles published in the official newspaper of a labor union may not be maintained against the president or treasurer in their representative capacities under General Associations Law Section 13. Specifically, the *Martin* court held that:

> ..the Legislature has limited such suits <u>against association officers</u>, whether for breaches of agreements or for tortious wrongs, to where the individual liability of every single member can be alleged and proven. *Id.*, 303 N.Y. at 282. (Emphasis added).

---

[3] The Court should invoke its inherent equitable power to impose financial sanctions against the Union's and Ward's counsel in the form of reimbursement of Plaintiff's attorneys fees for bringing frivolous motions for judgment on the pleadings and sanctions in clear violation of Rule 11 and 26 U.S.C. § 1927. *Schlaifer Nance & Co. v. Estate of Andy Warhol*, 194 F.3d 323, 338 (2d Cir. 1999).

*Martin* and its progeny have been erroneously interpreted to require that all plaintiffs plead that there was full union membership authorization or subsequent ratification of the tortious conduct in claims asserted against either the unions or its officers. Nonetheless, this should not be the interpretation and the *Martin* pleading requirement should not be applied to the case at bar. Plaintiff's intentional infliction of emotional distress claim is asserted against the Union; not its officers in their representative capacities. Alternatively, an extension of the *Martin* rule is warranted in cases where tortious conduct and the resulting damage is attendant to human rights violations.

Based on this interpretation, Plaintiff states a claim for intentional infliction of emotional distress. Under New York law, the tort consists of four elements: (i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress. *Howell v. New York Post Co.*, 81 N.Y.2d 115, 121, 596 N.Y.S.2d 350 (N.Y. 1993). Regarding the first element, liability is found where the conduct is so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and is utterly intolerable in a civilized community. *Murphy v. American Home Prods. Corp.*, 58 N.Y.2d 293, 303, 461 N.Y.S.2d 232 (N.Y. 1993).

Plaintiff has alleged in the Complaint: (i) extreme and outrageous conduct in the form of the Union's campaign of discrimination and harassment predicated upon Plaintiff's national origin[4]; (ii) the Union's intent to cause Plaintiff severe emotional distress by aiding and abetting the

---

[4] The New York State Court of Appeals has held that under the banner of intentional infliction of emotional distress, a plaintiff should recover if he demonstrates a "deliberate and

OIC in unlawful discriminatory conduct; (iii) a causal nexus between the Union's conduct and Plaintiff's emotional distress; and (iv) severe emotional distress which has manifested into physical and mental illness. (Verified Complaint ¶¶ 29-34). It is Plaintiff's position that "national origin" discrimination in and of itself constitutes outrageous conduct that goes beyond all possible bounds of decency in a modern society.

Finally, the claims against Ward are warranted. The Union contends that, pursuant to *Lewis v. Triborough Bridge & Tunnel Auth.,* 77 F.Supp.2d 376, 381 (S.D.N.Y. 1999), only a defendant who participates in conduct giving rise to a discrimination claim may be held personally liable. In *Lewis*, the plaintiffs, female tunnel authority toll collectors, brought a race and gender discrimination action against the defendant male manager who had supervisory control over them. The court held that the <u>employee</u> may not be individually subject to suit as <u>an employer</u> under Section 296(1)(c) of the human rights law because he did not have any ownership interest or any power to hire or fire employees. *Id.*, 77 F.Supp.2d at 379. In the case at bar, unlike *Lewis*, Ward possesses the authority to fire Union officials and representatives for discriminatory conduct, but Ward deliberately failed to do so. Thus, *Lewis* does not apply.

Accordingly, the claims of the Complaint are warranted, and as such the Union and Ward are not entitled to sanctions in any form under FRCP Rule 11.

---

malicious campaign of harassment or intimidation.*" Nader v. General Motors Corp.,* 25 N.Y.2d 560, 569, 307 N.Y.S.2d 647 (N.Y. 1970); see also *Owen v. Leventritt,* 174 A.D.2d 471, 571 N.Y.S.2d 25 (1st Dept. 1991) *lv. denied* 79 N.Y.S.2d 751, 579 N.Y.S.2d 651 (N.Y. 1991)

**POINT II**

**THE UNION AND WARD FAIL TO DEMONSTRATE AN IMPROPER PURPOSE**

In Point II, the Union and Ward contend that Plaintiff's improper purpose for filing the Complaint is demonstrated by the fact that Plaintiff did not withdraw the Complaint despite the Union's "Rule 11 Letter" and the fact that Plaintiff knew or should have known of the baselessness of the claims. As is demonstrated above, the claims of the Complaint are patently warranted under existing law or a reasonable argument for an extension thereof. As such, Plaintiff was not required to withdraw the Complaint under Rule 11.

Notably, the Union and Ward cite the *Knipe v United States*, 19 F.3d 72, 77 (2d Cir. 1994) line of cases for the proposition that Plaintiff's improper purpose and sanctionable conduct is evidenced by the fact that Plaintiff commenced this action subsequent to the dismissal of the 2001 Action and the 2004 action. However, as collateral estoppel is not a bar, and as the claims are warranted, the Union's and Ward's contention that the prior actions demonstrate the baselessness of the instant action is without merit. Absent any showing of an improper purpose, the Union and Ward are not entitled to monetary sanctions under Rule 11.

As set forth above in Footnote 3, it is the Union and Ward who have brought the instant motion for sanctions for an improper purpose (*i.e.*, to intimidate Plaintiff and Calabro into withdrawing claims that are honestly debatable, to increase the costs of litigation and unreasonably delay final determination of this matter on the merits). As such, it is respectfully requested that the Court invoke its' inherent power to sanction opposing counsel in the form of reimbursement of Plaintiff's attorneys' fees incurred in opposing the Union's and Ward's frivolous motions for judgment on the pleadings and sanctions.

**POINT III**

**ABSENT BAD FAITH SANCTIONS UNDER 28 U.S.C. § 1927 ARE INAPPROPRIATE**

Pursuant to 28 U.S.C. § 1927, "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The purpose of the statute imposing liability on counsel for excessive costs is to deter unnecessary delays in litigation. *In re French Bourekas, Inc.*, 183 B.R. 695 (Bkrtcy. S.D.N.Y.1995), affirmed 195 B.R. 19; *Hudson Motors Partnership v. Crest Leasing Enterprises, Inc.,* 845 F.Supp. 969 (E.D.N.Y.1994). Section 1927 looks to unreasonable and vexatious multiplications of proceedings, and it imposes an obligation on attorneys to avoid dilatory tactics. *United States v. International Broth. of Teamsters*, 948 F.2d 1338, 1345 (2d Cir. 1991).

Without a demonstration of bad faith on the part of the attorney in question, sanctions pursuant to this statute are inappropriate. "Imposition of a sanction under Section 1927 requires a clear showing of bad faith.*" Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir.1986) (quoting *Kamen v. American Telephone & Telegraph Co.*, 791 F.2d 1006, 1010 (2d Cir.1986)), *cert. denied,* 480 U.S. 918, 107 S.Ct. 1373 (1987)(Internal quotations omitted). Moreover, Second Circuit authority makes it clear that awards pursuant to Section 1927 are made only against attorneys. *Teamsters*, 948 F.2d at 1345 ("clients may not be saddled with such awards.").

In the motion at bar, the Union and Ward have failed to make any showing of bad faith. Plaintiff has brought this action independent of the parties' collective bargaining agreement and

pursuant to the state and city human rights law to eradicate abhorrent civil rights violations. The claims of the Complaint are not duplicative or collaterally barred as civil right violations have not been asserted, litigated or determined on the merits. The mere fact that Calabro refused to withdraw the Complaint in view of opposing counsel's "Rule 11 Letter" does not constitute bad faith. Nor is bad faith evidenced by prior unsuccessful actions which raised different allegations and legal theories.

Accordingly, the Union and Ward are not entitled to sanctions against Calabro under 28 U.S.C.§1927.

## CONCLUSION

For the reasons set forth above, Plaintiff, the Hotel and Calabro respectfully request that the Union's and Ward's motion for sanctions, pursuant to Rule 11, the Court's inherent power and 28 U.S.C. § 1927, be denied in all respects together with such other and further relief as the Court deems just and equitable under the present circumstances.

Dated: New York, New York
      May 22, 2008

                              Respectfully submitted,

                              CALABRO & ASSOCIATES, P.C.
*Attorneys for Tran Dinh Troung,
individually and on behalf of
Alphonse Hotel Corp. d/b/a Hotel Carter*

/s/ Cathy O Donnell
By: Cathy O'Donnell, Esq. (CO0973)
1412 Broadway - Suite 1504
New York, N.Y. 10018
(646) 688-6095