CALABRO & ASSOCIATES, P.C.
1412 Broadway - Suite 1504
New York, New York 10018
(646) 688-6095

*Attorneys for Tran Dinh Troung,
individually and on behalf of
Alphonse Hotel Corp. d/b/a Hotel Carter*

Cathy O'Donnell, Esq. (CO0973)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
TRAN DINH TRUONG, individually and on          :    Case No. 1:07-Civ-11383 (RJH)
behalf of ALPHONSE HOTEL CORP. d/b/a/          :
HOTEL CARTER                                   :
                                               :
                Plaintiff,                     :
    -against-                                  :
                                               :
NEW YORK HOTEL & MOTEL TRADES                  :
COUNSEL, AFL-CIO, and THE OFFICE               :
OF THE IMPARTIAL CHAIRMAN and                  :
PETER WARD,                                    :
                                               :
                Defendants.                    :
----------------------------------------------------------------x


**PLAINTIFF'S AND CALABRO'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT THE OFFICE OF THE IMPARTIAL CHAIRMAN'S MOTION FOR
<u>SANCTIONS PURSUANT TO FRCP 11</u>**

**TABLE OF CONTENTS**

*Page*

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ........................................................................................................................ 3

POINT I      OIC IS NOT ENTITLED TO RULE 11 SANCTIONS
AS THE CLAIMS IN THE COMPLAINT ARE WARRANTED

         A.     Standard of Review ........................................................................... 3

         B.     Rule 11 Monetary Sanctions are not Available Against Plaintiff ... 5

         C.     The Claims of the Complaint are Warranted under *Austern
v. Chicago Board Options Exchange Inc*. as "National Origin"
Discrimination Falls Outside the Scope of the Arbitral Process ..... 6

POINT II     OIC'S MOTION FOR SANCTIONS IS BROUGHT FOR AN
IMPROPER PURPOSE ................................................................................. 8

CONCLUSION ..................................................................................................................... 9

**PRELIMINARY STATEMENT**

Plaintiff Tran Dinh Truong ("Plaintiff" or "Truong"), individually and as president of Alphonse Hotel Corp. d/b/a Hotel Carter (the "Hotel"), commenced this action to recover damages arising out of Defendants' campaign of "national origin" discrimination in violation of Section 8-107 of the Administrative Code of the City of New York and Article 15 of the New York State Executive Law, and to recover damages for extreme emotional distress caused as a result of Defendants' unlawful discrimination. Defendant The Office of the Impartial Chairman ("OIC") brings the instant motion for sanctions against Plaintiff and Plaintiff's counsel, Calabro & Associates, P.C. ("Calabro"), pursuant to FRCP Rule 11. Plaintiff and Calabro respectfully submit this memorandum of law in opposition to OIC's baseless motion.

As is demonstrated below, OIC is not entitled to monetary sanctions under Rule 11. The claims in the Complaint are warranted as a matter of fact and law, and as such are not baseless or frivolous as argued by OIC counsel.[1] Under *Austern v. Chicago Board Options Exchange*, 898 F.2d 882 (2d Cir. 1990), OIC is not *absolutely* immune from civil liability for damages under the doctrine of arbitral immunity. Plaintiff's "national origin" discrimination claims, and the resultant infliction of emotional distress, fall squarely outside the scope of the arbitral process. Furthermore, it will be shown that OIC's reliance on *Austern* is misguided as that case is distinguishable. In *Austern,* the central question presented was whether a commercial organization sponsoring a contractually agreed upon arbitration is immune from civil liability for improperly noticing the arbitration hearing and

---

[1] The Court is respectfully referred to Plaintiff's Memorandum of Law, the Affidavit of Truong and the Affidavit of David M. Levy submitted in opposition to OIC's motion for judgment on the pleadings for a complete recital of the factual and legal merits of Plaintiff's claims.

improperly selecting the arbitration panel. *Id.*, 898 F.2d at 883.  Clearly, not the central question presented here (*i.e.*, whether an arbiter who commits and aids and abets a labor organization in discriminatory practices in violation of the New York Executive Law § 296(1)(c) and Sections 8-107(1)(c)and (6) of the Administrative Code of the City of New York is immune from civil liability under the veil of arbitral immunity).  As a matter of law, and as a matter of public policy, the correct answer to this question is no -  OIC is not immune.

Additionally, contrary to OIC's Points A and B, the claims in the Complaint are not asserted as a reprisal against OIC's prior awards or for an improper purpose.  In the Complaint, Plaintiff does not seek the reversal, vacatur or modification of the multitude of unfavorable awards issued by the OIC, but rather seeks vindication for unlawful discrimination.[2]   The OIC, Defendant New York Hotel & Motel Trades Counsel AFL-CIO ( "Union") and Defendant Peter Ward ("Ward") have engaged in a campaign of concerted discrimination intended to harm Plaintiff and cause him extreme emotional distress. Plaintiff is not re-litigating prior arbitration decisions or asserting claims for improper purposes.  As such, Rule 11 sanctions are unwarranted.

As opposing counsel should be aware, Rule 11 motions are not be employed to test the legal sufficiency of the allegations in the pleadings.  Nor should Rule 11 motions be utilized to emphasize the merits of a party's position, to increase the costs of litigation or to intimidate an adversary into withdrawing contentions that are truly debatable. In the past, the Union, Ward and OIC have been afforded the luxury of concealing their unlawful practices under their arbitral veil.  In the case at bar, the Union's and OIC's veil has and should have been duly lifted.

---

[2]  As Plaintiff does not seek relief from OIC Award Numbers 2007-38, 2007-26, 2007-59 and 2007-62 in the Complaint, the Union's First, Second and Third Counterclaims seeking to confirm said awards are simply moot.

**POINT I**

**OIC IS NOT ENTITLED TO RULE 11 SANCTIONS AS THE CLAIMS IN THE COMPLAINT ARE WARRANTED**

OIC contends that monetary sanctions are warranted against Plaintiff and Calabro on the ground that the claims if the Complaint are *absolutely* barred under the doctrine of arbitral immunity. OIC also contends that Plaintiff and Calabro were afforded ample opportunity to withdraw the Complaint, and they refused to do so, and as such OIC is entitled to monetary sanctions under FRCP 11. As is demonstrated below, OIC's contentions lack merit.

**A**.   **Standard of Review**

Under Rule 11(b), by presenting to the court a pleading, written motion, or other paper an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay or needlessly increase the cost of litigation; (2) the claims, defenses and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information. See FRCP Rule 11.

The decision whether to impose sanctions for a violation of Rule 11, as amended in 1993, is committed to the District Courts' discretion. *Simon DeBartolo Group, L.P. v. Richard E. Jacobs Group, Inc*. 186 F.3d 157, 166 (2d Cir. 1999). The central goal of Rule 11 sanctions is deterrence of baseless filings and curbing of abuses, and the District Court should not impose sanctions so as

3

to chill creativity or stifle advocacy. *Photocircuits Corp. v. Marathon Agents, Inc.*, 162 F.R.D. 449 (E.D.N.Y.1995); *Caisse Nationale de Credit Agricole-CNCA v. Valcorp*, 28 F.3d 259 (2d Cir.1994); *Securities Indus. Ass'n v. Clarke*, 898 F.2d 318, 322 (2d Cir. 1990). In imposing Rule 11 sanctions, the court is to resolve all doubts in favor of the signer. *Oliveri v. Thompson*, 803 F.2d 1265, 1275 (2d Cir.1986), *cert. denied sub nom. Suffolk County v. Graseck,* 480 U.S. 918, 107 S.Ct. 1373 (1987). "Rule 11 targets situations where it is patently clear that a claim has absolutely no chance of success." *Healey v. Chelsea Resources, Ltd.,* 947 F.2d 611, 626 (2d Cir. 1991).

"Rule 11 cannot be allowed to thoroughly undermine zealous advocacy... This is especially so in civil rights cases involving unpopular clients." *Kramer v. Grant County*, 892 F.2d 686, 690 (7th Cir. 1990). Mindful of the need to exercise discretion, this Court has held that it is not inclined to impose Rule 11 sanctions where there is some arguable basis for sustaining the civil rights claims. *Levy v. City of New York*, 726 F.Supp. 1446, 1456-57 (S.D.N.Y.1989)(absent egregious conduct on the part of counsel, court is reluctant to impose Rule 11 sanctions in civil rights action). Although no special treatment is generally accorded to attorneys who handle civil rights claims, the Advisory Committee Notes state that courts should not award Rule 11 sanctions in civil rights cases in a manner that would be inconsistent with the standards governing the award of attorneys' fees under 42 U.S.C.A. § 1988. *Ortiz v. Regan*, 980 F.2d 138 (2d Cir. 1992)(recognizing that the Civil Rights Attorneys Fees Awards Act was designed to allow private individuals a meaningful opportunity to vindicate civil rights violations).

In *Levy, supra*, this Court, by Judge Leisure, expressly held that:

> <u>This Court is reluctant to impose Rule 11 sanctions absent egregious conduct on the part of counsel</u>.  The Court cannot find such neglect of duty here. Counsel has provided the Court with substantial documentation to back plaintiffs' factual claims... <u>In an action such as this one, where individuals are claiming their civil rights have been violated, the Court does not wish to place itself in the position of repressing attempts to vindicate those rights by an injudicious use of sanctions</u>.  Accordingly, defendants' Rule 11 motion is denied. *Id.*, at 1456-57. (Emphasis added).

In the case at bar, Rule 11 sanctions in any form are soundly inappropriate absent the OIC's showing of egregious and baseless conduct on the part of Plaintiff and/or Calabro.  As is evidenced by the affidavits of Tran Dinh Truong and David M. Levy submitted in opposition to OIC's motion for judgment on the pleadings, and the documentary evidence annexed thereto, there is substantial and compelling proof to support Plaintiff's claims.  As such, OIC is not entitled to sanctions.

**B.**     **<u>Rule 11 Monetary Sanctions are Unavailable Against Plaintiff</u>**

As a threshold matter, FRCP 11(c)(5)(A) provides that the court may not impose monetary sanctions against a represented party for an alleged violation of Rule 11(b)(2).  The OIC seeks monetary sanctions against Plaintiff for alleged violation of Rule 11(b)(2).  However, as Plaintiff is represented by counsel, the branch of OIC's motion seeking monetary sanctions against Plaintiff should be denied on its face under Rule 11(c)(5)(A).[3]

---

[3] Although OIC's counsel concedes in footnote 2 that Rule 11(c)(5)(A) prohibits the imposition of sanctions against a represented party for violation of Rule 11(b)(2), he argues that monetary sanctions are nevertheless proper against Plaintiff because he violated Rule 11(b)(1) by asserting frivolous claims against the OIC in reprisal for unfavorable arbitration rulings.  As fully discussed below in Point II, Plaintiff does not seek reprisal against unfavorable arbitration decisions, but rather to vindicate the OIC's, Union's and Ward's abhorrent civil rights violations.

C.  **The Claims of the Complaint are Warranted under *Austern v. Chicago Board Options Exchange Inc*. as "National Origin" Discrimination Falls Outside the Scope of the Arbitral Process**

In Point A, OIC cites *Austern v. Chicago Board Options Exchange Inc*., 898 F.2d 882 (2d Cir. 1990) for the proposition that Plaintiff's claims are *absolutely* barred under the doctrine of arbitral immunity because the OIC's alleged acts were committed within the scope of the arbitral process. OIC's proposition is false and its reliance on *Austern* misguided.

Contrary to its contention, OIC is not *absolutely* immune from civil liability for damages pursuant to *Austern* as that case is factually distinguishable. In *Austern,* the plaintiff-investors aggrieved by a decision of an arbitration panel (which was later set aside by a federal court) sued the defendant which sponsored the arbitration for mental anguish and the expenses of defending against a confirmation action. The United States District Court for the Southern District of New York dismissed the complaint. The plaintiffs-investors appealed. The Second Circuit Court of Appeals determined that the acts were performed directly in connection with the management of contractually agreed upon arbitration, and as such were sufficient to justify immunity. The central question presented in *Austern* was whether a commercial organization sponsoring a contractually agreed upon arbitration is immune from civil liability for improperly noticing the arbitration hearing and improperly selecting the arbitration panel. *Id.*, 898 F.2d at 883. As such, *Austern* is an example where it was properly held that defendants were immune from civil liability "for all acts performed within their arbitral capacity." *Id*., 898 F.2d at 886.

Conversely, the Second Circuit in *Austern* held that arbitrators are *not* absolutely immune from civil liability for acts that fall outside the scope of the arbitral process.

---

As such, OIC is not entitled to monetary sanctions against Plaintiff under Rule 11(b)(1).

6

In the case at bar, the acts complained of are unlike those alleged in *Austern*. In that case, the specific arbitral acts complained of were defective notice and improper selection of the arbitration panel. Clearly, ministerial acts. Here, the Complaint contains detailed allegations of a pattern of specific conduct which, if proven at trial, could give rise to an inference of discrimination. The OIC's alleged unlawful discrimination predicated upon Plaintiff's "national origin" simply cannot be categorized as acts within the scope of the arbitral process. The allegations contained in paragraph 2 of the Complaint demonstrate the *pattern of discrimination* committed by the OIC, Union and Ward, which, if proven at trial, constitute violations of Section 8-107 of the Administrative Code of the City of New York and Article 15 of the New York State Executive Law. Thus, Plaintiff's claims are warranted under existing law. [4]

Indeed, imposing liability on the OIC for civil rights violations - which have directly and proximately caused Plaintiff severe emotional distress - does not undermine the policy of arbitral immunity, but rather preserves and protects Plaintiff's constitutional rights to equal protection under the law. As such, there is a strong public policy argument in support of piercing OIC's veil of arbitral immunity under the present circumstances.

In conclusion, although arbitral immunity protects the OIC's decision-making, as a quasi judicial act, it does not shield OIC from civil liability for civil rights violations that are derived from

---

[4] Contrary to OIC's position, sanctions in the form of attorneys' fees are not appropriate againt Plaintiff and Calabro pursuant to *Ciasse National De Credit Agricole-CNCA* v. *Valcorp Inc.,* 28 F.3d 259 (2d Cir. 1994) and are unwarranted. In that case, the Second Circuit found that the defendant-borrower's attorneys' arguments were patently frivolous. The court held that, *inter alia*, the borrower's attorneys' argument that the loan agreement was void for lack of consideration and that the lender could not recover from the borrower was specious and warranted the imposition of sanctions. *Id.,* 28 F.3d 264-266. Here, unlike the borrower in *Ciasse National De Credit Agricole-CNCA*, Plaintiff's legal arguments are warranted under clear statutory and decisional authority, and are supported by compelling documentary evidence.

the Legislature and the Federal and State constitutions. In the Verified Complaint, Plaintiff does *not* seek relief from the multitude of unfavorable decisions rendered by OIC or for its failure to abide by its own internal administrative policies, but rather prays for relief predicated upon OIC's "national origin" discrimination. Thus, arbitral immunity does not shield the OIC from liability for damages in the case at bar.

Accordingly, the claims of the Complaint are warranted under existing law and asserted for a proper purpose in accordance with the certification requirements of FRCP Rule 11, and as such sanctions are soundly inappropriate.

## POINT II

## OIC'S MOTION FOR SANCTIONS IS BROUGHT FOR AN IMPROPER PURPOSE

In addition to the foregoing, Plaintiff and Calabro respectfully submit that OIC and its counsel have brought the instant motion for sanctions for an improper purpose (*i.e.*, to intimidate Plaintiff and Calabro into withdrawing claims that are honestly debatable, to increase the costs of litigation and unreasonably delay final determination of this matter on the merits). As is demonstrated above, the claims in the Complaint are warranted under existing law and are brought for the proper purpose of vindicating civil rights violations. Therefore, it is respectfully requested that the Court invoke its inherent power to sanction OIC and its' counsel in the form of reimbursement of Plaintiff's attorneys' fees incurred in opposing OIC's motion for sanctions.

## CONCLUSION

For the reasons set forth above, Plaintiff and Calabro respectfully request that the Court deny OIC's motion for sanctions pursuant to Rule 11 in its entirety together with such other and further

relief as the Court deems just and equitable under the present circumstances.

Dated: New York, New York
      May 22, 2008

                                        Respectfully submitted,

                                        CALABRO & ASSOCIATES, P.C.
                                        *Attorneys for Tran Dinh Troung,*
                                        *individually and on behalf of*
                                        *Alphonse Hotel Corp. d/b/a Hotel Carter*

                                        /s/ Cathy O'Donnell
                                        By: Cathy O'Donnell, Esq. (CO0973)
                                        1412 Broadway - Suite 1504
                                        New York, N.Y. 10018
                                        (646) 688-6095