PITTA & DREIER LLP
499 Park Avenue
New York, NY 10022
(212) 652-3890
*Attorneys for Defendants*
*New York Hotel and Motel Trades Council, AFL-CIO*
*and Peter Ward*

Barry N. Saltzman (BS 6533)
Michael J. D'Angelo (MD 3030)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
TRAN DINH TRUONG, individually and on
Behalf of ALPHONSE HOTEL CORP. d/b/a
HOTEL CARTER,

              Plaintiff,

   -against-                          Case No. 1:07-Civ-11383 (RJH)

NEW YORK HOTEL & MOTEL
TRADES COUNCIL, AFL-CIO, and
THE OFFICE OF THE IMPARTIAL
CHAIRMAN and PETER WARD,

              Defendants.
------------------------------------- X

## REPLY MEMORANDUM OF LAW OF THE
## NEW YORK HOTEL & MOTEL TRADES COUNCIL, AFL-CIO
## IN FURTHER SUPPORT OF ITS MOTION FOR SANCTIONS

{00360877.DOC;}

PITTA & DREIER LLP
499 Park Avenue
New York, NY 10022
(212) 652-3890
*Attorneys for Defendants*
*New York Hotel and Motel Trades Council, AFL-CIO*
*and Peter Ward*

Barry N. Saltzman (BS 6533)
Michael J. D'Angelo (MD 3030)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------- X

TRAN DINH TRUONG, individually and of
Behalf of ALPHONSE HOTEL CORP. d/b/a
HOTEL CARTER,

        Plaintiff,

  -against-                            Case No. 1:07-Civ-11383 (RJH)

NEW YORK HOTEL & MOTEL
TRADES COUNCIL, AFL-CIO, and
THE OFFICE OF THE IMPARTIAL
CHAIRMAN and PETER WARD,

        Defendants.

--------------------------------- X

## REPLY MEMORANDUM OF LAW OF THE
## NEW YORK HOTEL & MOTEL TRADES COUNCIL, AFL-CIO
## IN FURTHER SUPPORT OF ITS MOTION FOR SANCTIONS

Defendants New York Hotel & Motel Trades Council, AFL-CIO ("Union") and Peter Ward submit this memorandum of law in further support of their motion for sanctions against Tran Dinh Truong and Alphonse Hotel Corp. d/b/a The Hotel Carter ("Plaintiffs") pursuant to Rule 11 of the Federal Rules of Civil Procedure ("FRCP") and in reply to Plaintiffs' papers in opposition.

{00360877.DOC;}            1

## ARGUMENT I
## SANCTIONS SHOULD BE GRANTED

Plaintiffs' arguments against sanctions boil down to two defenses, neither availing: (1) the complaint is warranted by existing law or by a non-frivolous argument for extending, modifying or reversing existing law or establishing new law; and (2) Plaintiffs cannot be sanctioned because represented by counsel.

As shown in the Union's Rule 12(c) motion and reply briefs and Rule 11 motion brief, Plaintiffs' complaint and substantive arguments are not warranted by existing law or by non-frivolous arguments for extending, modifying or reversing existing law or establishing new law. The Union respectfully refers the Court to its prior briefs for a complete discussion of the substantive law rather than repeating it herein. It is noteworthy nonetheless that Plaintiffs cite no cases which actually hold in their favor. On the contrary, most of Plaintiffs' brief consists of baseless arguments why law existing and uniformly applied for decades should not apply to them for reasons ungrounded in law or logic. If Plaintiffs' arguments that they alone have suddenly discovered the true meaning of 20 and 50 year old case law can be countenanced, then no precedent need ever be consulted and weighed prior to instituting an action because any attorney can reargue any case claiming it wrongly decided or applied. The test is one of reason, and Plaintiffs' arguments do not provide any reasonable basis for ignoring long term existing precedent as they did. Commencing and now maintaining legal proceedings such as these illustrates the very ill which Rule 11 is designed to curb. Inasmuch as Plaintiffs flouted their responsibilities under Rule 11, despite multiple warnings and detailed citations, Rule 11 sanctions apply.

Plaintiffs also argue that they are immune from sanctions because they are represented by counsel and bring "civil rights" claims, both perversions of defenses not applicable to them. Plaintiffs' improper purpose is evidenced by years of groundless litigation brought by Plaintiffs

against the Union and workers. *See,* Union Rule 11 motion brief pp. 2, 4. Plaintiffs cynically employ litigation and a bevy of attorneys as spear and sword by which they hope to silence all challenges to their unlawful conduct. Plaintiffs should not be granted immunity to so misuse the courts simply because they have enough ill gotten funds to hire alternating attorneys to advance any argument however meritless. Plaintiffs' similarly cynical invoking of "civil rights" wraps the wolf in sheep's clothing. Plaintiffs are sophisticated business entities with massive wealth and multiple law firms on command, not some isolated employee without means or legal advice. Indeed, in this regard, Plaintiffs' alleged prima facie case lacks any nexus to national origin other than Plaintiffs' own groundless belief that non-Vietnamese owned hotels are not subjected to grievances, arbitrations and unwelcome visits by Union representatives. Under these circumstances, Plaintiffs cannot avoid sanctions on the excuse that my lawyers made me do it. To the contrary, they made their lawyers do it, and will again, and again, unless sanctioned now.

## CONCLUSION

Faced with overwhelming case law, Plaintiffs failed to withdraw their baseless complaint in violation of Rule 11 of the FRCP but instead have deliberately misstated the law and its holdings with respect to every purported cause of action in their complaint. Such distortions should not be countenanced. Therefore, for the reasons set forth in the Union's moving papers and herein, the Union's motion for sanctions against Plaintiffs and their counsel should be granted.

Dated: New York New York
June 6, 2008

Respectfully submitted,

PITTA & DREIER, LLP

By: _____
Barry N. Saltzman (BS 6533)

Of Counsel:
    Michael J. D'Angelo (MD 3030)

499 Park Avenue
New York, New York 10022
(212) 652-3890

{00360877.DOC;}                    3