UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
:
TRAN DINH TRUONG, individually and on behalf :
of ALPHONSE HOTEL CORP. d/b/a HOTEL :
CARTER, :
  :
         Plaintiff, : Case No. 1:07-Civ-11383 (RJH)
  :
    - against - :
  :
NEW YORK HOTEL & MOTEL TRADES :
COUNCIL, AFL-CIO, and THE OFFICE OF THE :
IMPARTIAL CHAIRMAN and PETER WARD, :
  :
         Defendants. :
  :
------------------------------------x


**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT THE OFFICE OF THE IMPARTIAL CHAIRMAN'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11**


STERN & KILCULLEN, LLC
Herbert J. Stern (HS3169)
Joel M. Silverstein (JS5704)
75 Livingston Avenue
Roseland, New Jersey 07078
(973) 535-1900

*Attorneys for the Office
of the Impartial Chairman*

Defendant The Office of the Impartial Chairman ("OIC") submits this Reply Memorandum in further support of its motion for the imposition of sanctions against plaintiffs pursuant to Fed. R. Civ. P. 11.

## ARGUMENT

**PLAINTIFFS' OPPOSING PAPERS ONLY CONFIRM AND EXACERBATE THEIR RULE 11 VIOLATIONS**

In our moving papers, we demonstrated that Rule 11 sanctions should be imposed on plaintiffs because:

(1) the claims plaintiffs and their counsel have asserted against OIC are frivolous: plainly barred by OIC's arbitral immunity, they are not warranted by existing law or by any nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law, and appear to have been interposed for an improper purpose – retaliation against OIC for arbitration decisions with which plaintiffs are dissatisfied;

(2) by presenting and failing to timely withdraw the Verified Complaint's claims against OIC, notwithstanding that, on their face, those claims are obviously barred by OIC's arbitral immunity, plaintiffs' counsel have flatly, and stubbornly, violated their certification under Fed. R. Civ. P. 11(b)(2) that "the claims… and other legal contentions [in the Verified Complaint] are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law"; and

(3) given the Verified Complaint's open expression of plaintiffs' dissatisfaction with the results of several arbitrations administered by OIC and plaintiffs' continued assertion of the claims against OIC despite the absolute legal bar prohibiting them, one can hardly avoid the conclusion that those claims are an improper reprisal – knowingly supported by counsel – for arbitration rulings with which plaintiffs are dissatisfied, and, hence, a flat violation of counsel's

certification under Fed. R. Civ. P. 11(b)(1) that the Verified Complaint "is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation."

Plaintiffs opposing papers only confirm and compound the Rule 11 violations identified in our moving papers:

1. For the reasons detailed in OIC's Reply Memorandum in Support of Motion for Judgment on the Pleadings ("OIC's 12(c) Reply Mem."), also filed today, plaintiffs' opposition to OIC's 12(c) motion – which is *identical* to its opposition to OIC's Rule 11 motion[1] – makes no legal or factual showing that justifies or excuses plaintiffs' violations of Rule 11 in asserting and maintaining in this action claims against OIC that are barred by OIC's arbitral immunity.

2. Although plaintiffs had well over three months – from OIC counsel's February 5, 2008 letter to plaintiffs' counsel threatening to seek Rule 11 sanctions (Silverstein Decl. [Doc. 35] ¶ 3 and Exh. B [Doc. 35-3]) until plaintiffs filed their opposition on May 23, 2008 – to martial any arguments and legal authorities that might justify or excuse their assertion and continued maintenance of their claims against OIC, their opposition cites *not a single such legal authority* and reswts upon a legal argument – that OIC's absolute immunity for acts and omissions integral to their administration of arbitration proceedings can be circumvented by claims that such acts and omissions reflect bias, discrimination, or other misdeeds or bad motives – that has been *uniformly* rejected by the Courts and is anathema to the underlying rationale of the doctrine of arbitral immunity, as repeatedly articulated by the United States Supreme Court. OIC's 12(c) Reply Mem. at 3-6.

---

[1] The memoranda supporting the two motions appear to be identical, with the sole exception of the cover page, and both motions rely on the Affidavits of Tran Dinh Truong sworn to 5/16/2008 [Doc. 41] ("Truong Aff.") and of David M. Levy, Esq. sworn to 5/20/2008 [Doc. 42] ("Levy Aff.").

3.      Plaintiffs' counsel's assertion of that patently frivolous legal argument in their opposition to OIC's motions for judgment on the pleadings and Rule 11 sanctions not only violated Rule 11(b)(2) and (c)(1) by "later advocating" the complaint's frivolous claims against OIC, but also separately violated Rule 11(b)(2) by "presenting to the court... paper[s]" in opposition to OIC's two motions that were *not* "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." *Id*.

4.      Further, in his Affidavit, which is notarized by one of plaintiffs' counsel in this action, plaintiff Truong places the blame for these violations of Rule 11(b)(2) squarely on his counsel: he specifically avers that "I have been advised by my counsel that the OIC's acts fall outside the scope of the arbitral process, and as such the OIC is not immune from civil liability under the doctrine of arbitral immunity." Truong Aff. ¶ 21.  The Affidavit is. *Id*., p. 8.

5.      At least one factual assertion in plaintiffs' opposing papers appears to violate the prohibition of Rule 11(b)(3) against "factual contentions" that lack "evidentiary support." Specifically, Plaintiff Truong swears in his Affidavit that, though by letter dated October 15, 2007 he attempted to file with the OIC a complaint regarding Union official Rolando Ruiz, whom Truong accused of "threatening, harassing, cursing, fighting and yelling to hotel management employees and officers," the OIC, "despite ample opportunity to do so, failed to schedule or hold a hearing."  Truong Aff. ¶¶ 9-10 & Exh. A (a copy of Truong's 10/15/2007 letter to the OIC).  The accompanying Reply Declaration of Cherril Dunn, and the business records of the OIC attached thereto as Exhibit A, however, reflect that, in fact:

- OIC received Truong's letter;

- By October 18, 2007 OIC had initiated a case file regarding Truong's October 15 request for emergency relief, assigned the matter OIC case #M07-463, and faxed all

3

parties - including Truong and his attorney, Mr. Calabro (both of whose receipt is confirmed by an automatic "Communication Result Report") – a Hearing Notice stating:

> A hearing will be held in this office (321 West 44th Street, Suite 400, New York City) **on Monday, October 22, 2007 at 1:00 p.m.** in the matter of the request of Management concerning:
>
> #M07-463/Emergency Hearing requested by Management re: Union's alleged maltreatment of Hotel Management personnel and officers; alleged inappropriate behavior at the Hotel by Union representative.
>
> In order that your interests may be protected, it is essential that you be present or represented at that time.

(Emphasis original)

- On October 22, 2007 – one week after Truong filed his October 15 request – the scheduled hearing was held before arbitrator Ira Drogin; was attended on behalf of the Hotel Carter by Tran Truong and one other Representative, as well as the Hotel's Attorneys "Calabro & Associates, P.C. by G. Calabro," and on behalf of the Union by Business Agent Rolando Ruiz, Attorney Joseph Farelli, and Witness Rendall Sullivan; but was adjourned on the consent of the parties.

Reply Declaration of Cherril Dunn, ¶ 4 and Exh. A.

6. The foregoing continuing and additional Rule 11 violations by plaintiffs and their counsel only further compel the conclusion noted in our moving brief in support of this motion [Doc. 34 at p. 7] that those claims are an improper reprisal – knowingly supported by counsel – for OIC arbitrators' rulings with which plaintiffs are dissatisfied. Such reprisal flatly violates counsel's certification under Fed. R. Civ. P. 11(b)(1) that the Verified Complaint "is not being

presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation."

## CONCLUSION

For all of the foregoing reasons, as well as those stated in OIC's moving papers in support of this motion and its reply papers in further support of its motion for judgment on the pleadings, we respectfully request that the Court impose sanctions upon plaintiffs and their counsel pursuant to Fed. R. Civ. P. 11, including, without limitation, by requiring them to reimburse OIC for the attorneys' fees and litigation expenses it has reasonably incurred in defending against plaintiffs' claims and in prosecuting this motion.

Respectfully submitted,

STERN & KILCULLEN, LLC
*Attorneys for Defendant*
 *The Office of the Impartial Chairman*

s/Joel M. Silverstein
Herbert J. Stern (HS3169)
Joel M. Silverstein (JS5704)
75 Livingston Avenue
Roseland, NJ 07078
(973) 535-1900

Dated: June 6, 2008