PITTA & DREIER LLP
499 Park Avenue
New York, NY 10022
(212) 652-3890
*Attorneys for Defendants*
*New York Hotel and Motel Trades Council, AFL-CIO*

Barry N. Saltzman (BS 6533)
Michael J. D'Angelo (MD 3030)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRAN DINH TRUONG, individually and on Behalf of ALPHONSE HOTEL CORP. d/b/a HOTEL CARTER,<br><br>Plaintiff,<br><br>-against-<br><br>NEW YORK HOTEL AND MOTEL TRADES COUNCIL, AFL-CIO, et al.,<br><br>Defendants. | No. 1:07-CV-11383 (RJH)<br><br>LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF THE UNION'S MOTION FOR SUMMARY JUDGMENT |

The New York Hotel & Motel Trades Council, AFL-CIO ("Union") and Peter Ward, the defendants in this action make this Rule 56.1 Statement in support of the Union's motion for summary judgment against plaintiffs Tran Dinh Truong and Alphonse Hotel Corp. d/b/a Hotel Carter ("Plaintiffs"). Pursuant to Rule 56 of the Federal Rules of Civil Procedure, no genuine issue of material fact exists on the facts stated herein[1] and accordingly, the Court should confirm the three labor arbitration awards (the "Awards") described below.

### The Parties and Their Labor Agreement

---

[1] This Statement, the Declaration of Barry N. Saltzman ("Saltzman Decl.") and the accompanying Memorandum of Law refer to the following pleadings: Plaintiffs complaint dated November 21, 2007 (the "Complaint"), Exhibit 1 hereto; the Union's Answer and Counterclaims ("Answer/Counterclaims"), Exhibit 2 hereto; and Plaintiffs' Reply to Counterclaims ("Reply to Counterclaims"), Exhibit 3 hereto. The Union also submits the Affidavit of Rolando Ruiz ("Ruiz Aff.")

{00380503.DOC;}

1. The Union is a labor organization within the meaning of federal labor law, including 29 U.S.C. § 185, Section 301 of the Labor Management Relations Act ("LMRA"), representing over 20,000 working New Yorkers employed in the New York City hotel and hospitality industry. At all relevant times, Peter Ward has served as the Union's President. (Complaint ¶ 12, 14; Answer/Counterclaims ¶¶ 12,14,40; Reply to Counterclaims ¶ 1; Ruiz Aff. ¶ 2; Saltzman Decl. ¶ 3).

2. Plaintiff Alphonse Hotel d/b/a The Carter Hotel is an "employer" in interstate commerce within the meaning of federal labor law, including 29 U.S.C. §185, §301 of th LMRA (Complaint ¶ 6; Answer/Counterclaim ¶ 41; Reply to Counterclaim ¶ 2; Ruiz Aff. ¶ 3; Saltzman Decl. ¶ 4).

3. Mr. Tran Dinh Truong ("Tran") owns the Alphonse Hotel. Plaintiffs own and operate a hotel business at 250 West 43rd Street, New York, N.Y. 10036 (the "Hotel") which is the subject of the Awards in this motion. (Id.)

4. The terms and conditions of employment for employees represented by the Union appear in the Industry-Wide Agreement ("IWA") between the Union and the Hotel Association of New York City, Inc. ("Hotel Ass'n"), either directly for a hotel member of the Hotel Ass'n or indirectly by a "Me Too" Agreement which binds an individual hotel to the IWA's terms. A copy of the IWA is attached as Exhibit 2(E) to the Saltzman Decl.. (See Complaint 2(l); Answer/Counterclaim ¶ 42; Reply to Counterclaims ¶ 3; Ruiz Aff. ¶ 4; Saltzman Decl. ¶ 5)

5. Since at least 1995, the Union and the Hotel have been bound to the IWA by successor Me Too Agreements. (Ruiz Aff. ¶ 5; Saltzman Decl. ¶ 6; Answer/Counterclaim ¶ 4; Reply to Counterclaims ¶ 5)

6. Plaintiffs signed the most recent such Me Too Agreement, dated March 16, 2006,

binding them and the Union to the IWA from July 1, 2006 to and including June 30, 2012. (Answer/Counterclaim ¶ 44; Reply ¶ 5). A copy of the 2006 Me Too Agreement is attached as Exhibit 2(G). (Id.)

7. Among other terms, the IWA establishes wage rates and hours of work (Sections 8, 11-16, 28-32, 51, 54, Schedule A), hiring (Section 21), circumstances of discharge (Sections 24, 25, 27)) and the Union's right to enter hotel premises to pursue Union business (Section 42). (Saltzman Decl. ¶ 7, Exhibit 2(E); Ruiz Aff. ¶ 6).

8. The Me Too Agreement expressly incorporates the broad IWA arbitration provisions in full. Article 26 of the IWA provides, in relevant part:

> All complaints, disputes or grievances arising between the parties hereto involving questions or interpretation or application of any clause of this Agreement, or any acts, conduct or relations between the parties, directly or indirectly, which shall not have been adjusted by and between the parties involved shall be referred to a permanent umpire(s) to be known as the Impartial Chairperson, and his/her decision shall be final and binding upon the parties hereto.

(Complaint ¶ 13; Answer ¶ 42; Reply ¶ 3; Saltzman Decl. ¶ 8, Exhibit 2(E); Ruiz Aff. ¶ 7).

9. Under the IWA, the Office of the Impartial Chairperson ("OIC") consisting of a permanent rotating panel of industry arbitrators, finally determines all issues between the Union and Plaintiffs. (Id.). Copies of the resumes of the industry arbitrators of the OIC are attached as Exhibit 9 to the Saltzman Decl. (Saltzman Decl. ¶ 9; Ruiz Aff. ¶ 8)

### Prior Arbitrations and Legal Actions

10. Pursuant to the former 2001-2006 IWA, the Union had commenced a number of grievances against the Hotel upon the complaints of various employees alleging mistreatment, failure to pay wages, intimidation and wrongful discharge. (Complaint ¶¶ 2(a)-(c), (h); Saltzman Decl. ¶ 10).

11. Citing the Union's prosecution of these grievances, Plaintiffs attempted and failed to rescind their pre-2006 Me Too Agreement. The Hon. Denny Chin, USDJ, rejected Plaintiffs' attempt in *Alphonse Hotel Corp. v. New York Hotel v. & Motel Trades Council, AFL-CIO*, 2004 WL 414836 (SDNY) aff'd without opinion, No. 04-1757 (2d. Cir. 4/06/04) copy attached as Exhibit 4 to the Saltzman Decl., ¶ 11.

12. Following hearings at which the Hotel appeared by counsel, or negotiations at which the Hotel was represented by counsel, the Union substantially prevailed in certain cases. (Complaint ¶¶ 2(a)-(c), (h).); *See also, Alphonse Hotel Corp. v. New York Hotel & Motel Trades Counsel, AFL-CIO*, 2001 WL 959005 (SDNY) (Hotel enjoined from evicting Union member from residence in retaliation for wage claims), copy attached as Exhibit 5 to the Saltzman Decl., ¶ 12.

13. In *Hamidou Diallo v. New York Hotel & Motel Trades Council, Mr. Truong D. Tran and Alphonse Hotel Corporation*, 05-Civ. 00430 (LAP) the Hon. Loretta Preska, USDJ, denied the Union's motion to dismiss former employee Diallo's claim for refusal to prosecute a grievance. A copy of Judge Preska's Order is attached as Exhibit 2(D); to the Saltzman Decl., ¶ 13.

### The Current Arbitration Awards

14. In 2006, the Union commenced three grievances against the Hotel alleging that the Hotel and Tran had intimidated and discharged housekeeping room attendants Ana Pena, Elizabeth Santiago and Glennys Castillo because of their demands for wages due them and support for the Union. (Complaint ¶¶ 2(d), (g),(i),(j), (k); Answer ¶¶ 45, 53 and 61; Reply to Counterclaims ¶¶ 6, 14,22; Ruiz Aff. ¶ 9; Saltzman Decl. 14).

15. The OIC held hearings from March through September 2007, at which all parties

appeared by counsel, presented arguments, witnesses and evidence, and cross-examined witnesses under oath. (Ruiz Aff. ¶ 10; Saltzman Decl. Exhibits 2A, B and C and ¶ 15)

16. Specifically, industry arbitrator Phillip Ross of the OIC held three different hearing on March 15, April 24 and May 15, 2007 before reaching Award No. 2007-38 on June 27, 2007. IC Ross found that the Hotel had discriminated against and discharged room attendants Pena and Santiago for demanding correct pay in violation of the IWA just cause provision. IC Ross ordered the Hotel to reinstate Pena and Santiago with correct IWA backpay. Award No. 2007-38 is attached as Exhibit 2A in the Saltzman Decl. at ¶ 16; *see also* Ruiz Aff. ¶ 11.

17. Exhibit 2A contains OIC records showing that the OIC mailed Award No. 2007-38 to the parties on the date of issuance, June 27, 2007. (Saltzman Decl. ¶ 17; Ruiz Aff. ¶ 11).

18. OIC industry arbitrator Ira Drogin held hearings on March 28 and May 23, 2007 at which the parties argued, presented evidence and cross-examined witnesses, followed by post-hearing briefs. IC Drogin found that the Hotel had discharged room attendant Castillo in retaliation for her assertion of contractual pay rights and ordered her reinstated with full IWA rate back pay in Award No. 2007-26 dated August 14, 2007. A copy of Award No. 2007-26 is attached as Exhibit 2B to the Saltzman Decl. at ¶ 18; *see also*, Ruiz Aff. ¶ 12.

19. Exhibit 2B contains OIC records documenting that the OIC mailed Award No. 2007-26 to the parties on August 14, 2007. (Saltzman Decl. ¶ 19, Ruiz Aff. ¶ 12)

20. IC Drogin heard evidence that the Hotel continued to retaliate against Pena as punishment for her Union activities, and contrary testimony by a Hotel witness. IC Drogin ruled in Award No. 2007-59 dated August 14, 2007 that the Hotel had violated the IWA in its mistreatment of Pena, ordered the Hotel to cease and desist from such conduct, and to post and

read a notice assuring employees of their labor rights. The precise text of the notice appears in Award No. 2007-62 suppl. dated September 18, 2007. Both Award No. 2007-59 and 62 suppl. are attached in Exhibit 2C to the Saltzman Decl. at ¶ 20; *see also* Ruiz Affl. ¶ 13.

21.   Exhibit 2C contains OIC records confirming that Award No. 2007-59 was mailed to the parties August 14, 2007 (Saltzman Decl. ¶ 21; Ruiz Aff. ¶ 13)

22.   OIC records in Exhibit 2C confirm that Award No. 2007-62 suppl. was mailed to the parties September 25, 2007. (Id.)

23.   Despite due demand, the Hotel has refused to comply with any of the Awards from issuance to date. (Ruiz Aff. ¶ 14; Saltzman Decl. ¶¶ 22, 37)

### Current Case Posture

24.   Plaintiffs filed their Complaint suing the Union for $15 million in damages for anti-Vietnamese discrimination and intentional infliction of emotional distress on or about November 21, 2007, copy attached as Exhibit 1 to the Saltzman Decl. The Complaint does not move to vacate the Awards or list vacatur in its request for relief. (Saltzman Decl. ¶ 23)

25.   The Union timely removed to this Court on December 19, 2007 without challenge. (Saltzman Decl. ¶ 24)

26.   The Union filed its Answer and Counterclaims with exhibits on December 26, 2007, denying Plaintiffs' claims and seeking to confirm the Awards, copy attached as Exhibit 2 to the Saltzman Decl. Copies of each of the Awards which the Union sought to confirm were attached to the Union's Answer and Counterclaims as Exhibits A, B and C respectively, served upon and received by counsel for Petitioners on or about December 26, 2007. (Saltzman Decl. ¶ 25)

27.   Plaintiffs filed their Reply to Counterclaims on or about January 18, 2008, copy

attached as Exhibit 3 to the Saltzman Decl. (Saltzman ¶ 26)

28. Following conference on March 14, 2008 the parties submitted their Joint Scheduling Order, copy attached as Exhibit 6 to the Saltzman Decl. at ¶ 27.

29. On March 31, 2008, the Union moved for judgment on the pleadings dismissing Plaintiff's Complaint pursuant to Fed. R. Civ. Pro. 12(c). (Saltzman Decl. ¶ 28)

30. Plaintiffs opposed the Union's motion for judgment by memorandum of law and affidavits on or about May 23, 2008. (Saltzman Decl. ¶ 29)

31. The Union moved for sanctions against Plaintiffs and their counsel pursuant to Fed. R. Civ. Pro. 11 on April 8, 2008. (Saltzman Decl. ¶ 30)

32. Plaintiffs opposed the Union's motion for sanctions by memorandum of law and affidavits on May 23, 2008. (Saltzman Decl. ¶ 31)

33. In its papers opposing the Union's motions pursuant to Fed. R. Civ. Pro. 12(c) and 11, Plaintiffs included an Affidavit of David M. Levy, Esq. dated May 20, 2008, (the "Levy Aff.") copy attached as Exhibit 7 to the Saltzman Decl. The Levy Aff. refers to and attaches a State Court petition dated September 24, 2007 to vacate an arbitration award obtained by the Union reinstating grievants Pena and Santiago. The attached petition bears no index number or other evidence of it being filed or served. (Saltzman Decl. ¶ 32)

34. According to the Levy Aff., Plaintiffs withdrew their petition in 2007 in favor of the current action. (Saltzman Decl. ¶ 33)

35. The Levy Aff. describes the substance of Award No. 2007-38 but uses an Award date of July 27, 2007 rather than June 27. The petition attached to the Levy Aff. uses the correct award date of June 27, 2007, (p.9 ¶ 23) and grievance numbers U06-606 and 654 (p. 3 ¶ 7) as stated in Award No. 2007-38. (Saltzman Decl. ¶ 34)

36. At hearing held July 8, 2008 and by Order of the same date, this Court granted the Union's motion for judgment on the pleadings dismissing Plaintiffs' Complaint pursuant to Fed.R.Civ.Pro 12(c). The Court reserved on the Union's motion for sanctions pursuant to Fed.R.Civ.Pro. 11. A copy of the Order and transcript of the July 8, 2008 hearing and decision is attached as Exhibit 8 to the Saltzman Decl. at ¶ 35.

37. Plaintiffs had also alleged in the Complaint that the OIC discriminated against them in its proceedings because Mr. Tran is Vietnamese. The Court dismissed Plaintiffs' claims against the OIC as set forth in the Order and transcript of the July 8, 2008 hearing, attached as Exhibit 8. (Saltzman Decl. ¶ 36)

38. To date and notwithstanding the Court's Order of July 8, 2008, Plaintiffs have failed and refused to comply with any of the Awards. (Saltzman Decl. ¶ 22, 37)

Wherefore, the reasons and upon the authority set forth herein and in the Union's Memorandum of Law, I respectfully request that this Court grant the Union's motion pursuant to FRCP Rule 56 and enter summary judgment for the Union against Plaintiffs confirming each of the Awards, together with whatever further relief this Court deems fair and appropriate.

Dated: New York, N.Y.
August 20, 2008

_____
BARRY N. SALTZMAN