PITTA & DREIER LLP
499 Park Avenue
New York, New York 10022
(212) 652-3890
Barry N. Saltzman (BS 6533)
Michael J. D'Angelo (MD 3030)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**TRAN DINH TRUONG, ALPHONSE HOTEL CORP. d/b/a HOTEL CARTER,**

                Plaintiff,

-against-

**NEW YORK HOTEL AND MOTEL TRADES COUNCIL, AFL-CIO, et al.,**

                Defendants.

Case No. 1:07-CV-11383(RJH)

**MEMORANDUM OF LAW IN SUPPORT OF THE
UNION'S MOTION FOR SUMMARY JUDGMENT
TO CONFIRM THREE ARBITRATION AWARDS**

## TABLE OF CONTENTS

FACTS ..................................................................................................................................1

    The Parties and Their Labor Agreement ......................................................................2
    The Current Arbitration Awards ..................................................................................3
    Current Procedural Posture of This Case .....................................................................4

STANDARD FOR SUMMARY JUDGMENT ....................................................................6

ARGUMENT .......................................................................................................................7

I THE AWARDS SHOULD BE CONFIRMED BECAUSE THERE IS NO MATERIAL ISSUE OF FACT THAT THEY DRAW THEIR ESSENCE FROM THE COLLECTIVE BARGAINING AGREEMENT ..............................................................7

    A.  Federal Labor Policy Favors Confirmation ............................................................7
    B.  The Awards Should Be Confirmed in Accordance With Federal Labor Policy ..10

II THE HOTEL MAY NOT RAISE AFFIRMATIVE DEFENSES AGAINST CONFIRMATION OF THE AWARDS ......................................................................11

CONCLUSION ..................................................................................................................13

## MEMORANDUM OF LAW IN SUPPORT OF THE
## UNION'S MOTION FOR SUMMARY JUDGMENT
## TO CONFIRM THREE ARBITRATION AWARDS

Defendant New York Hotel and Motel Trades Council, AFL-CIO ("Union") submits this Memorandum of Law in support of its counterclaims and motion for summary judgment to confirm three labor arbitration awards against the Alphonse Hotel Corp. d/b/a Hotel Carter ("Plaintiffs" or the "Hotel"). The industry arbitration awards No. 2007-38 dated June 27, 2007, No. 2007-26 dated August 14, 2007, and No. 2007-59/62 dated August 14, 2007, suppl. (9/18/07) (the "Awards", attached as Exhibits 2A, B and C to the Saltzman Decl.) were rendered under the broadest possible arbitration clause and applied express provisions of the collective bargaining agreement to facts adduced at full hearing, upon cross examination, argument and post-hearing briefs by respective counsel. No grounds exist for vacatur and the Hotel has not timely moved to try to vacate the Awards in any event. Therefore, for the reasons set forth herein, in the Answer and Counterclaim and in the Saltzman Decl., the Union's motion to confirm the Awards pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185 ("LMRA") and the Federal Arbitration Act ("FAA,") 9 U.S.C.§1 *et seq*. should be granted.

### FACTS

The "Facts" are set forth in the Declaration of Barry N. Saltzman with exhibits ("Saltzman Decl."), the Affidavit of Rolando Ruiz ("Ruiz Aff.") submitted herewith, and in the pleadings of this case. As shown therein and in the Union's Rule 56.1 Statement summarizing these papers, no genuine issue of material fact exists.

**The Parties and Their Labor Agreement**

The Union is a labor organization within the meaning of federal labor law, including the LMRA, representing over 20,000 working New Yorkers employed in the New York City hotel and hospitality industry. (56.1 Statement ¶ 1). Plaintiff Alphonse Hotel d/b/a The Carter Hotel is an "employer" in interstate commerce within the meaning of the LMRA (56.1 Statement ¶ 2). Mr. Tran Dinh Truong ("Tran") owns the Alphonse Hotel and though Plaintiffs operates the hotel business at 250 West 43rd Street, New York, N.Y. 10036 (the "Hotel") which is the subject of the Awards. (Rule 56.1 Statement ¶ 3)

The terms and conditions of employment for employees represented by the Union appear in the Industry-Wide Agreement ("IWA") between the Union and the Hotel Association of New York City, Inc. ("Hotel Ass'n"), either directly for a hotel member of the Hotel Ass'n or indirectly by a "Me Too" Agreement which binds an individual hotel to the IWA's terms. A copy of the IWA is attached as Exhibit 2(E) to the Saltzman Decl. (See Rule 56.1 Statement ¶ 4). Since at least 1995, the Union and the Hotel have been bound to the IWA by successor Me Too Agreements. (Rule 56.1 Statement ¶ 5) Plaintiffs signed the most recent such Me Too Agreement, dated March 16, 2006, binding them and the Union to the IWA from July 1, 2006 to and including June 30, 2012. (Rule 56.1 Statement ¶ 6). A copy of the 2006 Me Too Agreement is attached as Exhibit 2(G) to the Saltzman Decl.

Among other terms, the IWA establishes wage rates and hours of work (Sections 8, 11-16, 28-32, 51, 54, Schedule A), hiring (Section 21), circumstances of discharge (Sections 24, 25, 27)) and the Union's right to enter hotel premises to pursue Union business (Section 42). (Rule 56.1 Statement ¶ 7 and Saltzman Decl. Exhibit 2(E))

The Me Too Agreement expressly incorporates the broad IWA arbitration provisions in full, including Article 26 of the IWA which provides, in relevant part:

> *All complaints, disputes or grievances arising between the parties* hereto involving questions or interpretation or application of any clause of this Agreement, *or any acts, conduct or relations between the parties*, directly or indirectly, which shall not have been adjusted by and between the parties involved shall be referred to a permanent umpire(s) to be known as the Impartial Chairperson, and his/her decision *shall be final and binding* upon the parties hereto.

(Exhibit 2(E) at p.19, emphasis added) (Rule 56.1 Statement ¶ 8). Thus, under the IWA, the Office of the Impartial Chairperson ("OIC") consisting of a permanent rotating panel of industry arbitrators, finally determines all issues between the Union and Plaintiffs. (Rule 56.1 Statement ¶ 9).

**The Current Arbitration Awards**

The Union commenced three grievances against the Hotel alleging that the Hotel and Tran had intimidated and discharged housekeeping room attendants Ana Pena, Elizabeth Santiago and Glennys Castillo because of their demands for wages due them and support for the Union. (Rule 56.1 Statement ¶ 14).[1]

The OIC held hearings from March through September 2007, at which all parties appeared by counsel, presented arguments, witnesses and evidence, and cross-examined witnesses under oath. Following these hearings, two different industry arbitrators of the OIC rendered Awards No. 2007-38 (6/27/07), No. 2007-26 (8/14/07), and No. 2007-59 (8/14/07) supplemented by No. 62 Suppl. (9/18/07) (the "Awards"). In each of the Awards, the OIC reviewed the factual and legal contentions of the parties in detail and found the Hotel's witnesses

---

[1] The current Awards arise in an atmosphere of Hotel hostility to employee rights and the Union seeking to protect against exploitation, recounted at greater length in the Saltzman Decl., ¶¶ 10-12.

incredible. The OIC therefore sustained the Union's grievances and ordered reinstatement with back-pay to the employees against the Hotel. The OIC further ordered the Hotel to cease and desist from threatening and retaliating against employees for demanding proper pay and labor law rights. Copies of the Awards are attached as Exhibits 2(A)-(C) to the Saltzman Decl. (*See* Rule 56.1 Statement ¶¶ 15, 16, 18, 20) Copies of each of the Awards were mailed to the parties by the OIC on or about their dates of issuance (Rule 56.1 Statement ¶¶ 17, 19, 21 and 22). Despite due demand, Plaintiffs have failed to comply with any of the reinstatement, back pay or other remedial orders of the Awards (Rule 56.1 Statement ¶ 23, 38)

**Current Procedural Posture of This Case**

On or about November 21, 2007, Plaintiffs filed their Complaint suing the Union for $15 million in damages for anti-Vietnamese discrimination and intentional infliction of emotional distress, copy attached as Exhibit 1 to the Saltzman Decl. The Complaint does not move to vacate the Awards or list vacatur in its request for relief. (Rule 56.1 Statement ¶ 24)

The Union timely removed to this Court on December 19, 2007 without challenge. (Rule 56.1 Statement ¶ 25) The Union filed its Answer and Counterclaims with exhibits on December 26, 2007, denying Plaintiffs' claims and seeking to confirm the Awards, copy attached as Exhibit 2 to the Saltzman Decl. Copies of each of the Awards which the Union sought to confirm were attached to the Union's Answer and Counterclaims as Exhibits A, B and C respectively, served upon and received by counsel for Plaintiffs on or about December 26, 2007. (Rule 56.1 Statement ¶ 26) Plaintiffs filed their Reply to Counterclaims on or about January 18, 2008, copy attached as Exhibit 3 to the Saltzman Decl. (Rule 56.1 Statement ¶ 27)

On March 31, 2008, the Union moved for judgment on the pleadings dismissing

Plaintiff's Complaint pursuant to Fed. R. Civ. Pro. 12(c). (Rule 56.1 Statement ¶ 29) When Plaintiffs did not heed the Union's Rule 11 warning letter or its motion, the Union moved for sanctions against Plaintiffs and their counsel pursuant to Fed. R. Civ. Pro. 11 on April 8, 2008. (Rule 56.1 Statement ¶ 31) Plaintiffs opposed both the Union's motions by memorandum of law and affidavits on May 23, 2008. (Rule 56.1 Statement ¶¶ 30 32) In its papers, Plaintiffs included an Affidavit of David M. Levy, Esq. dated May 20, 2008, copy attached as Exhibit 7 to the Saltzman Decl. (the "Levy Aff."). The Levy Aff. refers to and attaches a State Court petition dated September 24, 2007 to vacate an arbitration award allegedly dated "July 27, 2007" reinstating grievants Pena and Santiago. The attached petition bears no index number or other evidence of it being filed or served. According to the Levy Aff., Plaintiffs withdrew their petition in 2007 in favor of the current action.[2] (Rule 56.1 Statement ¶ 33, 34)

At hearing held July 8, 2008 and by Order of same date, this Court granted the Union's motion for judgment on the pleadings dismissing Plaintiffs' Complaint pursuant to Fed.R.Civ.Pro 12(c). (Rule 56.1 Statement ¶ 36) The Court also dismissed Plaintiffs' claims against the OIC alleging that the OIC discriminated against them in its proceedings because Mr. Tran is Vietnamese. (Rule 56.1 Statement ¶ 37) The Court reserved on the Union's and OIC's motion for sanctions pursuant to Fed.R.Civ.Pro. 11. (Rule 56.1 Statement ¶ 36) A copy of the Order and transcript of the July 8, 2008 hearing and decision is attached to the Saltzman Decl. as Exhibit 8. Pursuant to the Court's request, the parties thereafter submitted a schedule for briefing the Union's motion to confirm the Awards by letter from the Union dated July 17, 2008, endorsed as follows, copy attached to the Saltzman Decl. as Exhibit 10 at ¶ 38: Union's motion

---

[2] By virtue of the substantive similarity of the award referred to in the Levy Aff. with Award No. 2007-38 dated June 27, 2007, ( the petition attached to the Levy Aff. uses the correct award date of June 27, 2007, (p.9 ¶23) and grievance numbers U06-606 and 654 (p. 3 ¶7) as stated in Award No. 2007-38) the Levy Aff. appears to describe Award No. 2007-38 but misstates the date from June 27 to July 27, 2007. (Rule 56.1 Statement ¶ 35)

{00379591.DOC;}                                5

August 20; Hotel opposition/cross motion (if any) September 10; Union reply/opposition (if any) September 22; and Hotel reply to oppositions (if any) October 3, 2008.

## STANDARD FOR SUMMARY JUDGMENT

A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ. Pro. 56(c). *See also, e.g., Berger v. Untied States*, 87 F.3d 60, 65 (2d Cir. 1996) quoting *Celotex Corp. v Catrett*, 477 US 317, 322, 106 S.Ct. 2548, 2552 (1986). In deciding such a motion, the district court reviews the evidence and draws all reasonable inferences in the light most favorable to the non-moving party. *See, e.g., Hemphill v. Schott*, 141 F.3d 412, 415 (2d Cir. 1998); *Giano, v. Senkowski*, 54 F.3d 1050, 1052 (2d Cir. 1995).

Once the moving party meets its initial burden demonstrating the absence of a genuine issue of material fact, the non-moving party must do more than simply show that there is "some metaphysical doubt as to the material facts" in order to defeat the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 US 574, 586 (1986); Fed. R. Civ. Pro. 56(e) (2). Neither "conclusory allegations nor speculation" can substitute for "hard evidence showing that [its] version of the events is not wholly fanciful." *Woodman v. WWOR-TV, Inc.* 411 F.3d 69, 75 (2d Cir. 2006). The non-moving party "must set forth specific facts showing that there is a genuine issue for trial" or summary judgment will be granted. *Anderson v. Liberty Lobby*, 477 US 242, 250 (1986). Summary judgment is "mandated" when "the evidence is insufficient to support the non-moving party's case". *Distasio v. Perkin Elmer Corp.*, 153 F.3d 55, 61 (2d Cir. 1998). *See also, Toriola v. New York City Transit Authority*, 2005 WL 550973 \*\* 3-4 (allegations, denials,

conjectures or conclusory statements do not defeat summary judgment).

# ARGUMENT

## I
## THE AWARDS SHOULD BE CONFIRMED BECAUSE THERE IS NO MATERIAL ISSUE OF FACT THAT THEY DRAW THEIR ESSENCE FROM THE COLLECTIVE BARGAINING AGREEMENT

Federal labor policy mandates confirmation of the Awards as the preferred method to resolve labor disputes because the Awards clearly draw their essence from the parties collective bargaining agreement.

### A. Federal Labor Policy Favors Confirmation

Under the decisions of the United States Supreme Court and the Court of Appeals for the Second Circuit, arbitration of disputes between employers and unions pursuant to the provisions of a collective bargaining agreement are liberally encouraged as basic to federal labor policy.

The fundamental principles of labor arbitration established in the Supreme Court's celebrated *Steelworker Trilogy: United Steelworkers of America v. American Manufacturing Co.*, 363 U.S. 564, 80 S.Ct. 1343 (1960); *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 80 S. Ct. 1347 (1960); *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S. Ct. 1358 (1960) (*The Trilogy*) have served the industrial relations community well by fostering reliance on arbitration, rather than strikes or lockouts, as the preferred method of resolving disputes arising under the terms of a collective bargaining agreement. *AT&T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 648, 106 S. Ct. 1415 (1986); *Truck Drivers Local Union No. 807, I.B.T. v. Regional Import & Export Trucking Co., Inc.*, 944 F. 2d 1037, 1043 (2d Cir. 1991) (citing *Schneider*

*Moving and Storage Co. v. Robbins*, 466. U.S. 364, 371-72, 104 S. Ct. 1844, 1848-49 (1984)).

To effect this important public policy, the role of a court in reviewing an arbitration award is extremely limited. An award is legitimate and should be confirmed so long as it "draws its essence" from the collective bargaining agreement and does not "manifest an infidelity" to the agreement. *See, e.g., United Steelworkers of America v. Enterprise Wheel and Car Corp.*, 363 U.S. 592, 597-99, 80 S.Ct. 1358, 1360-1361 (1960). Neither a disagreement with the arbitrator's finding of fact, nor a difference of opinion about the correct interpretation of the contract, is an occasion for judicial intervention. As explained by the U.S. Supreme Court:

> As long as the arbitrator is <u>even arguably</u> construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision.

*United Paperworkers International Union v. Misco, Inc.*, 484 U.S. 29, 28, 108 S.Ct. 364, 367 (1987) (emphasis added). *Accord, Abram Landau Real Estate v. Bevona*, 123 F.3d 69, 74-75 (2d Cir. 1997). See also, *Connecticut Light & Power Co. v. Local 420, International Brotherhood of Electrical Workers*, 718 F. 2d 14, 20 (2d Cir. 1983) ("arbitrators who are chosen for their knowledge of the practices of the industry and the shop have the primary responsibility for interpreting the Agreement").

The arbitration clause contained in the Hotel-Union's collective bargaining agreement is the broadest possible arbitration clause. Construing this arbitration clause, the Second Circuit has stated: "No grievance - either specific or general - is excluded from this broad coverage." *Pitta v. Hotel Association of New York City, Inc.*, 806 F.2d 419, 422 (2d Cir. 1986). *See also, Abram Landau Real Estate v. Bevona, supra,* 123 F.2d at 74. Accordingly, for decades the Courts of this Circuit have consistently given this very arbitration clause the broadest possible

interpretation and have steadfastly refused to vacate awards issued pursuant to it. See e.g. *New York Hotel & Motel Trades Council, AFL-CIO v. Hotel St. George,* 988 F.Supp. 770, 774 (SDNY 1998)( (party opposing award bears high burden of proof in order to "avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation"); *Hotel Greystone Corp. v. New York Hotel and Motel Trades Council, AFL-CIO,* 902 F.Supp. 482 (S.D.N.Y. 1995) (arbitration clause broad enough to allow reconsideration of prior awards based on industry practice); *New York Hotel and Motel Trades Council, AFL-CIO v. Hotel Association of New York City, Inc.,* 1993 WL 485560 (S.D.N.Y. Sotomayor, J.)(arbitration award confirmed where based on arbitrator's understanding of industry practice and prior decisions); *New York Hotel and Motel Trades Council, AFL-CIO v. Hotel Nikko of New York, Inc.,* 1991 WL 168284 (S.D.N.Y. Edelstein, J.) (award confirmed, arbitrator had authority to determine jurisdiction where employer appears and argues issues); *Vito J. Pitta v. Waldorf-Astoria Corp.,* 644 F.Supp. 844 (S.D.N.Y. 1986) (lack of finality of award not grounds for vacatur). Time has proven that the industry's compliance with the awards of the Office of the Impartial Chairperson, and this Court's firm compulsion of such compliance on recalcitrant parties, has provided unprecedented stability for New York City's vibrant hotel economy, to the benefit of employers, workers and the City as a whole.

Indeed, this Court confirmed an OIC award against this Hotel in *Alphonse Hotel Corp. v. New York Hotel & Motel Trades Council, AFL-CIO,* 2001 WL 959005 (SDNY) (copy attached to the Saltzman Decl. as Exhibit 5). In that case, Judge Casey applied the same collective bargaining agreement and broad arbitration clause as in this case and, citing the above precedent, confirmed the OIC award enjoining the Hotel from evicting an employee from his residence in the Hotel in retaliation for demanding IWA pay and rights. This Court has also rejected prior challenges to OIC authority brought unsuccessfully by the Hotel. *See, Alphonse Hotel Corp. v.*

*New York Hotel & Motel Council, AFL-CIO;* 2004 WL 414836 (SDNY) aff'd without opinion, No. 04-1757 (2d Cir. 4/06/04) (copy attached to the Saltzman Decl. as Exhibit 4).

### B. The Awards Should Be Confirmed in Accordance With Federal Labor Policy

In this case, industry arbitrator Ross of the OIC held three different hearings on March 15, April 24 and May 15, 2007 at which the Hotel presented its witnesses, cross-examined those of the Union, argued, and submitted a post-hearing brief. IC Ross found in Award No. 2007-38 that the Hotel had retaliated against Grievants Pena and Santiago for demanding their contractual pay in violation of the pay and just cause provisions of the IWA and ordered reinstatement with back pay. IC Ross found the Hotel's defenses wholly incredible, noting the absence of time cards or usual personnel records by the Hotel. Similarly, OIC industry arbitrator Ira Drogin found in Award No. 2007-26 that the Hotel discharged Castillo in retaliation for her assertion of contractual pay rights and likewise ordered reinstatement with back pay following hearings on March 28 and May 23, 2007, followed by briefs. Finally, in Award No. 2007-59, IC Drogin found that the Hotel continued to retaliate against Pena as punishment for her union activity, ordered the Hotel to cease and desist from such conduct, and to post and read a notice assuring all employees of their rights. The text of such notice appears in Award 2007-62 Supp. annexed to Exhibit 2C.

Thus, for each Award, the arbitrators applied the IWA wage and just cause provisions to the facts presented and rendered their rulings. Each Award is authorized by the IWA and clearly draws its essence from it. Whether or not the Hotel agrees with the factual findings or IWA application is irrelevant. *See,e.g., Major League Baseball Players Assn'n. v. Garvey,* 332 U.S. 504, 509, 121 S.Ct. 1724 (2001) (courts may not review labor arbitration awards despite allegations of factual error): *Westerbeke Corp. v Daihatsu Motor Co.,* 304 F.3d 200, 213 (2d Cir

2002) (arbitrator's factual findings are not subject to judicial challenge, and cases cited therein): *Local 97, IBEW v. Niagara Mohawk Power Corp.* 195 F.3d 117, 124 (2d Cir. 1999) (court bound by arbitrator's factual findings); *New York Hotel & Motel Trades Council AFL-CIO v. O&O Properties Corp.* 2007 WL 80864 (SDNY) (court not empowered to challenge factual determinations of OIC). Therefore, under Supreme Court authority and the precedent of this Court, the Awards should be confirmed.

## II
## THE HOTEL MAY NOT RAISE AFFIRMATIVE DEFENSES AGAINST CONFIRMATION OF THE AWARDS

As shown above, federal labor policy favoring peace and arbitral certainty compel confirmation of the Awards. For the same reasons, the Hotel is also barred from arguing any affirmative defenses, however meritless, by the applicable statute of limitations which mandates quick confirmation of labor arbitration awards if, as here, the challenger does not move to vacate them within ninety days.

In *Local 802 v. Parker Meridien,* 145 F.3d 85 (2d Cir. 1998), the United States Court of Appeals for the Second Circuit held that "grounds for vacating an arbitration award may not be raised as an affirmative defense' after ninety (90) days. *(Id.* at 89) The Court explained that the short limitations period was necessary "to enhance the speed and effectiveness of arbitrations, to provide for fair review of the arbitrator's decisions, *and to preclude the losing party from dragging out proceedings in order to dilute the integrity of the arbitration award.*" *Id.* (emphasis added) After the brief limitations period has run, "the successful party has a right to assume the award is valid and untainted, and to obtain its confirmation in a summary proceeding." *Id.* Accord, *Bevona v. EBM Development Co., Ltd.,* 1999 WL 194 116 (SDNY 1999) ("Having failed to move to vacate [the] award within 90 days, *EBM* is not permitted to

challenge the arbitrator's conduct or award as affirmative defenses").

Records of the OIC indicate that Award No. 2007-38 was mailed to Hotel counsel June 27, 2007, Award No. 2007-26 on August 14, 2007, Award No. 2007-59 on August 14, 2007 and supplemental Award No. 2007-62 suppl. on September 25, 2007. Accordingly, it is presumed that the Hotel received each Award within three business days. *Toriola v. New York City Transit Authority*, 2006 WL 550973 * 6 (SDNY); *Chalom v. Perkins*, 1998 WL 85160 * 3 (SDNY). Applying this calculation to the *Parker Meridien* 90 day rule, the time to move to vacate Award No. 2007-26 expired September 27, 2007, Award No. 2007-26 and 59 on November 13, 2007 and No. 2007-62 suppl. on December 29, 2007. No action to vacate these Awards existed on these dates. Accordingly, the Hotel cannot move to vacate now.[3]

Quick, effective and summary confirmation is required and appropriate in this action to confirm labor arbitration awards against a recalcitrant employer. The Awards are dated June 27, August 14 and September 18, 2007 respectively. The Awards recount the Hotel's foot dragging for over four months then, now almost a year. Despite requests by the Union, the Hotel has failed to comply with the Awards and, indeed, appears to have repudiated them without moving to vacate within 90 days. Instead, the Hotel flaunts its non-compliance by stymying the Union in frivolous litigation without reinstating the three aggrieved employees and without providing them with the industry wages, health coverage and other benefits which are their due under the IWA and federal labor law. Absent a firm court order of confirmation, the Hotel will doubtless continue to spurn its obligations, diluting the integrity of arbitration so central to labor peace in New York City's hospitality industry, and causing employees to doubt whether they are

---

[3] The Union notes that the Petition annexed to the Levy Aff. addresses only Award No. 2007-38, bears no indicia of filing or service, and was, in any event, withdrawn according to Levy in late 2007. Moreover, the Union attached each Award to the Answer and Counterclaim it served on December 26, 2007. Thus, at the latest, the time for the Hotel to move to vacate the last Award expired 90 days after December 26, 2007, i.e. on March 25, 2008. No pleading to vacate the Awards is extant as of that date so that the time to vacate has expired under any calculation

protected by the rule of law. The words of the Court of Appeals in *Parker Meridien, supra* ring loud and clear. Summary confirmation of the Awards is imperative "to enhance the speed and effectiveness of arbitration", consistent with fair review, and to prevent the Hotel "from dragging out proceedings in order to dilute the integrity of the arbitration award." *Id.* at 89. Therefore, in the interest of the grievant employees, federal labor and arbitration policy, and the smooth functioning of an industry integral to our City's welfare, the Awards should be confirmed directly.

## CONCLUSION

For the reasons and upon the authority set forth above, in the Answer and Counterclaim, the Ruiz Affidavit and accompanying Saltzman Decl., the Union's motion for summary judgment to confirm the Awards should be granted, together with whatever further relief this Court deems fair and appropriate.[4]

Date: New York, N.Y.
August 20, 2008

Respectfully submitted,

PITTA & DREIER, LLP
Attorneys for the Union

By: _____
BARRY N. SALTZMAN (BS6533)
499 Park Avenue
New York, New York 10022
(212) 652-3827

Of Counsel:
Michael J. D'Angelo, Esq. (MD 3030)
Vincent F. Pitta, Esq. (VP 1435)

---

[4] The Union notes that on July 8, 2008 the Court reserved on the Union's motion for sanctions under Rule 11 of the Fed. R. Civ. Pro. The Hotel's refusal to abide by the Awards even after the July 8 rulings highlights the importance of granting the Union's Rule 11 motion at this time. As Union counsel observed on July 8, unless the stiff educational incentives of Rule 11 are firmly applied to Plaintiffs, Plaintiffs will continue business as usual against their employees and the Union, forcing case after case into this Court as a sole, sad exception to the industry's long beneficial practice of self-regulation. The Union therefore renews its request for sanctions as set forth in its prior motion.