PITTA & DREIER LLP
499 Park Avenue
New York, NY 10022
(212) 652-3890
*Attorneys for Defendants*
*New York Hotel and Motel Trades Council, AFL-CIO*

Barry N. Saltzman (BS 6533)
Michael J. D'Angelo (MD 3030)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRAN DINH TRUONG, individually and on Behalf of ALPHONSE HOTEL CORP. d/b/a HOTEL CARTER,<br><br>Plaintiff,<br><br>-against-<br><br>NEW YORK HOTEL AND MOTEL TRADES COUNCIL, AFL-CIO, et al.,<br><br>Defendants. | No. 1:07-CV-11383 (RJH)<br><br>**AFFIDAVIT OF ROLANDO RUIZ IN SUPPORT OF THE UNION'S MOTION FOR SUMMARY JUDGMENT** |

STATE OF NEW YORK   )
                    ss:
COUNTY OF NEW YORK  )

I, ROLANDO RUIZ, being duly sworn hereby depose under penalty of perjury as follows:

1. I am currently and at all relevant times have been employed as a Vice President for the Hotel, Restaurant & Club Employees and Bartenders Union Local 6, a member union of the New York Hotel & Motel Trades Council, AFL-CIO ("Union"), the defendant in this action. I have served as the officer responsible for the Hotel Carter since 2006. I make this affidavit upon my personal knowledge and the records of the Union in support of the Union's motion for summary judgment against plaintiffs Tran Dinh Truong and Alphonse Hotel Corp. d/b/a Hotel Carter

{00380078.DOC;}

("Plaintiffs") pursuant to Rule 56 of the Federal Rules of Civil Procedure, confirming three labor arbitration awards (the "Awards") described below.

### The Parties and Their Labor Agreement

2.  The Union is a labor organization within the meaning of federal labor law, including 29 U.S.C. § 185, Section 301 of the Labor Management Relations Act ("LMRA"), representing over 20,000 working New Yorkers employed in the New York City hotel and hospitality industry. At all relevant times, Peter Ward has served as the Union's President.

3.  Plaintiff Alphonse Hotel d/b/a The Carter Hotel is an "employer" in interstate commerce within the meaning of federal labor law, including 29 U.S.C. §185, §301 of th LMRA. Mr. Tran Dinh Truong ("Tran") owns the Alphonse Hotel located at 250 West 43rd Street, New York, N.Y. 10036 (the "Hotel"), which is the subject of the Awards in this motion.

4.  The terms and conditions of employment for employees represented by the Union appear in the Industry-Wide Agreement ("IWA") between the Union and the Hotel Association of New York City, Inc. ("Hotel Ass'n"), either directly for a hotel member of the Hotel Ass'n or indirectly by a "Me Too" Agreement which binds an individual hotel to the IWA's terms. A copy of the IWA is attached as Exhibit 2(E) to the Saltzman Decl.

5.  Since at least 1995, the Union and the Hotel have been bound to the IWA by successor Me Too Agreements. Plaintiffs signed the most recent such Me Too Agreement, dated March 16, 2006, binding them and the Union to the IWA from July 1, 2006 to and including June 30, 2012. A copy of the 2006 Me Too Agreement is attached as Exhibit 2(G) to the Saltzman Decl.

6.  Among other terms, the IWA establishes wage rates and hours of work (Sections 8, 11-16, 28-32, 51, 54, Schedule A), hiring (Section 21), circumstances of discharge (Sections

24,25, 27)) and the Union's right to enter hotel premises to pursue Union business (Section 42). Section 25 of the IWA forbids all forms of national origin discrimination.

7. The Me Too Agreement expressly incorporates the broad IWA arbitration provisions in full. Article 26 of the IWA provides, in relevant part:

> All complaints, disputes or grievances arising between the parties hereto involving questions or interpretation or application of any clause of this Agreement, or any acts, conduct or relations between the parties, directly or indirectly, which shall not have been adjusted by and between the parties involved shall be referred to a permanent umpire(s) to be known as the Impartial Chairperson, and his/her decision shall be final and binding upon the parties hereto.

8. Under the IWA, the Office of the Impartial Chairperson ("OIC") consisting of a permanent rotating panel of industry arbitrators, finally determines all issues between the Union and Plaintiffs. (Id.) Copies of the resumes of the industry arbitrators of the OIC are attached as Exhibit 9 to the Saltzman Decl..

### The Current Arbitration Awards Should Be Confirmed

9. In 2006, the Union commenced three grievances against the Hotel alleging that the Hotel and Tran had intimidated and discharged housekeeping room attendants Ana Pena, Elizabeth Santiago and Glennys Castillo because of their demands for wages due them and support for the Union.

10. The OIC held hearings from March through September 2007, at which all parties appeared by counsel, presented arguments, witnesses and evidence, and cross-examined witnesses under oath, and submitted briefs.

11. Specifically, industry arbitrator Phillip Ross of the OIC held three different hearing on March 15, April 24 and May 15, 2007 before issuing Award No. 2007-38 on June 27, 2007. Based on the evidence submitted at these hearings, including cross-examination of

witnesses and post-hearing briefs, IC Ross found the Hotel's defenses and its two witnesses incredible, noted the absence of time cards or usual personnel records by the Hotel, and held that the Hotel had discriminated against and discharged room attendants Pena and Santiago for demanding correct pay in violation of the IWA just cause provision. IC Ross ordered the Hotel to reinstate Pena and Santiago with correct IWA backpay. Award No. 2007-38 is attached as Exhibit 2A to the Saltzman Decl. Exhibit 2A contains OIC records showing that the OIC mailed Award No. 2007-38 to the parties on the date of issuance, June 27, 2007.

12. Similarly, OIC industry arbitrator Ira Drogin held hearings on March 28 and May 23, 2007 at which the parties argued, presented evidence and cross-examined witnesses, followed by post-hearing briefs. Upon the evidence and argument presented, IC Drogin found that the Hotel had discharged room attendant Castillo in retaliation for her assertion of contractual pay rights and ordered her reinstated with full IWA rate back pay in Award No. 2007-26 dated August 14, 2007. A copy of Award No. 2007-26 is attached as Exhibit 2B to the Saltzman Decl.. Exhibit 2B contains OIC records documenting that the OIC mailed Award No. 2007-26 to the parties on August 14, 2007.

13. Finally, IC Drogin heard evidence that the Hotel continued to retaliate against Pena as punishment for her Union activity, and contrary testimony by a Hotel witness. IC Drogin ruled in Award No. 2007-59 dated August 14, 2007 that the Hotel had violated the IWA in its mistreatment of Pena, ordered the Hotel to cease and desist from such conduct, and to post and read a notice assuring employees of their labor rights. The precise text of the notice appears in Award No. 2007-62 suppl. dated September 18, 2007. Both Award No. 2007-59 and 62 suppl. are attached in Exhibit 2C to the Saltzman Decl. Exhibit 2C contains OIC records confirming that Award No. 2007-59 was mailed to the parties August 14, 2007 and that Award

No. 2007-62 suppl. was mailed to the parties September 25, 2007.

14.    Despite due demand, the Hotel has refused to comply with any of the Awards from issuance to date. On the contrary, the Hotel continues to violate its obligations and the rights of its employees under the IWA.

Therefore, for the reasons and upon the authority set forth in the Union's Memorandum of Law, I respectfully request that this Court grant the Union's motion pursuant to FRCP Rule 56 and enter summary judgment for the Union against Plaintiffs confirming each of the Awards, together with whatever further relief this Court deems fair and appropriate.

_____
ROLANDO RUIZ

Subscribed and sworn to before me
this 19 day of August, 2008

_____
Notary Public

SIMONE GALLO
Notary Public, State of New York
No. 01GA6172916
Qualified in Bronx County
Term Expires August 20, 2011