UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------------x
                                                             :
TRAN DINH TRUONG, individually and on                        :   07 Civ. 11383 (RJH)
behalf of ALPHONSE HOTEL CORP. d/b/a                         :
HOTEL CARTER,                                                :
                                                             :
                        Plaintiff,                           :
                                                             :   MEMORANDUM
            - against -                                      :   OPINION AND ORDER
                                                             :
NEW YORK HOTEL AND MOTEL                                     :
TRADES COUNCIL, AFL-CIO, et al.,                             :
                                                             :
                        Defendants.                          :
                                                             :
-------------------------------------------------------------x
```

        Defendant New York Hotel and Motel Trades Council, AFL-CIO ("Union") petitions the Court to confirm three arbitration awards, the first of which was issued on June 27, 2007, and the last two of which were issued on August 14, 2007. Plaintiff has filed a cross-motion to extend time to file a notice of appeal of this Court's order granting defendant's motion for judgment on the pleadings. For the reasons that follow, defendant's motion to confirm the arbitration awards is GRANTED, and plaintiff's motion to extend time to file a notice of appeal is DENIED.

## BACKGROUND

        In 2007, defendant Office of the Impartial Chairperson ("OIC"), a standing organization of labor arbitrators,[1] decided three disputes between plaintiff and defendant Union.[2] The OIC sustained the Union's grievances against plaintiff on each occasion.[3]

---

[1] The OIC is not a party to this motion.

Plaintiff responded by filing suit, alleging that that the Union and OIC discriminated against him in violation of New York City Human Rights Law and New York State Human Rights Law. On July 14, 2008, this Court issued an order granting defendants' motions for judgment on the pleadings. After the thirty-day period for appealing this order elapsed, defendant Union petitioned the Court on August 22, 2008 to confirm the three arbitration awards pursuant to Section 9 of the Federal Arbitration Act ("FAA"). Plaintiff opposes defendant's motion, and has filed a cross-motion to extend time to file a notice of appeal.

**DISCUSSION**

**I. Defendants' Motion to Confirm Three Arbitration Awards**

The confirmation of an arbitration award is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)). Upon timely application by any party, a Court "must grant" an order to confirm an arbitration award unless the award is "vacated, modified, or corrected." 9 U.S.C. § 9 (2006).

---

[2] The disputes were arbitrated pursuant to Article 26 of the New York Industry Wide Collective Bargaining Agreement between the Hotel Association of New York City, Inc. and the Union (the "Industry Wide Agreement" or "IWA").

[3] In its decisions, the OIC determined that plaintiff ("Truong" or "Hotel") had unjustly terminated the jobs of three former employees, and was illegally threatening current employees for engaging in pro-union activity. The OIC ordered the Hotel to reinstate the former employees—Ana Pena, Elizabeth Santiago, and Glennys Castillo—and to provide each of them with back pay from their respective dates of discharge. (*See* Saltzman Aff., Ex. A at 4; *id.*, Ex. B at 7.) Additionally, the OIC ordered plaintiff to post and read aloud a notice stating that Hotel employees were "free to engage in Union activity without fear of reprisal." (*See id.*, Ex. C at 3-4.)

2

Plaintiff admits that he has not moved to vacate, modify, or correct the awards. (Pl. Mem. of Law at 7) ("[P]laintiff did not raise vacatur, modification and/or correction as an affirmative defense to the Union's counterclaims to confirm."). Plaintiff's principal argument against confirmation is that, contrary to defendant's allegations, plaintiff has complied with the awards. (*See* Pl. Mem. of Law at 3.) Whether plaintiff has complied with the awards, however, is immaterial to whether this Court should confirm the awards, because confirmation simply turns an award into an enforceable judicial order. *See D.H. Blair & Co.*, 462 F.3d at 104 ("Because arbitration awards are not self-enforcing, they must be given force and effect by being converted to judicial orders by courts; these orders can confirm and/or vacate the award . . . .") (citing *Hoeft v. MVL Group, Inc.*, 343 F.3d 57, 63 (2d Cir. 2003)) (internal quotation marks omitted). Plaintiff's argument that the Hotel has complied is therefore irrelevant to defendant's motion for confirmation.

Plaintiff also argues that this Court may not confirm the arbitration awards because the parties have not agreed to the entry of such a judgment. Specifically, plaintiff claims that "Article 26 of the IWA provides that confirmation is only available where the 'defaulting party' fails or refuses to comply with a [sic] arbitration award." (Pl. Mem. of Law at 6.) Because plaintiff has complied with the award, plaintiff contends that confirmation is not available.

Plaintiff's argument that the parties have not agreed to the entry of a judgment is unavailing. Plaintiff is correct that a court "may not confirm [an] arbitration award under the FAA unless the parties have agreed to the entry of a judgment by a federal court." *Waveform Telemedia, Inc. v. Panorama Weather N. Am.*, No. 06 Civ. 5270, 2007 WL 678731, at *4 (S.D.N.Y. March 2, 2007); *see also* 9 U.S.C. § 9 (stating that confirmation

is available "if the parties . . . have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration").  In this case, however, the parties have agreed to an entry of judgment.  Article 26 states, in relevant part:  "The decision rendered by the Impartial Chairman *shall have the effect of a judgment* entered upon an award made, as provided by the Arbitration Laws of the State of New York,[4] entitling the entry of a judgment in a court of competent jurisdiction against the defaulting party who fails to carry out or abide by such decision."  (Saltzman Aff., Ex. E at 20-21) (emphasis added).  Article 26, rather than restricting the availability of confirmation, as plaintiff contends, provides that the arbitrator's decision will have "the effect of a judgment."  The second clause of the provision—that having "the effect of a judgment" entitles the entry of a judgment in court against the defaulting party—is not a limitation on the first clause; it merely assures the non-defaulting party of its available remedies.

Furthermore, another section of Article 26 states that the decision of the Impartial Chairman shall be "final and binding upon the parties . . . ." (*Id.* at 19.)  The Court of Appeals has held that such language, along with full participation in an arbitration process, satisfies 9 U.S.C. § 9's requirement that the parties have agreed to confirmation.  *Phoenix Aktiengesellschaft v. Ecoplas, Inc.*, 391 F.3d 433, 437 n.2 (2d Cir. 2004) (citing *Kallen v. District 1199, Nat'l Union of Hosp. Care Employees*, 574 F.2d 723, 724-26 (2d Cir. 1978) and *I/S Stavborg v. Nat'l Metal Converters, Inc.*, 500 F.2d 424, 426-27 (2d Cir. 1974)).

---

[4] The Arbitration Laws of the State of New York specifically provide for confirmation.  *See* N.Y. C.P.L.R. 7510 (McKinney 1998) ("The court shall confirm an award upon application of a party made within one year after its delivery to him, unless the award is vacated or modified upon a ground specified in section 7511.").  None of the grounds specified in section 7511 is applicable in this case.

4

Plaintiff and defendant agreed that the decision of the arbitrator would be "final and binding," and both parties participated fully in the arbitration process. Consequently, there was at least an implicit agreement to the confirmation of the arbitrator's decision by a court. Because plaintiff does not move to vacate, modify, or correct the awards, this Court must grant an order to confirm them.

**II.  Plaintiff's Cross-Motion to Extend Time to File Notice of Appeal**

"A party seeking to appeal a civil judgment must . . . file a notice of appeal with the district court clerk . . . 'within 30 days after the judgment or order appealed from is entered . . . .'" *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 363 (2d Cir. 2003) (quoting FED. R. APP. P. 4(a)(1)(B)) (citing FED. R. APP. P. 3(a)(1)). However, a district court may "extend the time to file a notice of appeal" if a party "shows excusable neglect or good cause." FED. R. APP. P. 4(a)(5)(A).

"Factors to be considered in evaluating excusable neglect include '[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.'" *Silivanch*, 333 F.3d at 366 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Even though three of these factors—the first, second, and fourth—typically support the party seeking the extension, the third factor—the reason for the delay—is the focus of the inquiry. *Id.* Indeed, the Second Circuit has stated that "where the rule is entirely clear, we . . . expect that a party claiming excusable neglect will . . . lose under the *Pioneer* test." *Id.* at 366-67 (citing *Canfield v. Van Atta*

*Buick/GMC Truck Inc.*, 127 F.3d 248, 250-51 (2d Cir. 1997) (per curiam)) (internal quotation marks omitted).

Plaintiff offers three grounds for this Court to find excusable neglect and to grant a time extension.  First, plaintiff states that because of "inadvertent law office failure," the deadline for filing a notice of appeal was not entered in his attorney's calendar.  (Pl. Mem. of Law at 9.)  Second, plaintiff asks this Court to note that he "suffered a severe stroke on or about September 1, 2008," and before that was in "failing health."  (*Id.*)  Third, Plaintiff states that his grounds for appeal are meritorious.  (*Id.* at 10.)

None of these grounds succeeds under the *Pioneer* test.  If failing to enter a deadline on one's calendar constitutes excusable neglect, it is difficult to imagine what would not; such careless behavior is not excusable.  As for the stroke that the plaintiff suffered, while the Court sympathizes, it notes that the stroke occurred over two weeks after the August 14, 2008, deadline for filing a notice of appeal; plaintiff's stroke is therefore irrelevant to this inquiry.  Also irrelevant is whether the plaintiff's grounds for appeal are meritorious; the *Pioneer* test does not suggest that courts, in determining whether there is excusable neglect, should give meritorious appeals more consideration than non-meritorious ones.  Plaintiff has not shown excusable neglect, and his motion to extend time to file a notice of appeal is therefore denied.

## CONCLUSION

For the foregoing reasons, defendant's motion to confirm the three arbitration awards is GRANTED, and plaintiff's motion to extend time to file a notice of appeal is DENIED.

SO ORDERED.

Dated: New York, New York
       March 26, 2009

Richard J. Holwell
United States District Judge