UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
TRAN DINH TRUONG, individually and on : 07 Civ. 11383 (RJH)
behalf of ALPHONSE HOTEL CORP. d/b/a :
HOTEL CARTER, :
:
Plaintiff, :
: **MEMORANDUM**
- against - : **OPINION AND ORDER**
:
NEW YORK HOTEL AND MOTEL :
TRADES COUNCIL, AFL-CIO, and THE :
OFFICE OF THE IMPARTIAL CHAIRMAN :
and PETER WARD, :
:
Defendants. :
:
------------------------------------------------------------x

Defendant Office of the Impartial Chairman ("OIC"), a standing organization of labor arbitrators, and defendants New York Hotel and Motel Trades Counsel, AFL-CIO and Peter Ward (collectively, the "Union") petition the Court for sanctions pursuant to Rule 11 and 28 U.S.C. § 1927 against plaintiff's counsel and, in the Union's petition, against plaintiff as well. For the reasons that follow, OIC's motion is granted and Union's motion is denied.

## BACKGROUND

In 2007, OIC decided three disputes between plaintiff and the Union. On each occasion, OIC sustained the Union's grievances against plaintiff. Plaintiff responded by filing suit against both OIC and the Union, alleging two causes of action for discrimination on the basis of his national origin, in violation of New York City Human Rights Law and New York State Human Rights Law, and one cause of action for intentional infliction of emotional distress.

Both OIC and the Union moved for judgment on the pleadings. OIC argued that plaintiff's claims against it were barred by the organization's arbitral immunity, relying on Second Circuit precedent that "arbitrators in contractually agreed upon arbitration proceedings are absolutely immune from liability in damages for all acts within the scope of the arbitral process." *Austern v. Chicago Bd. Options Exch., Inc.*, 898 F.2d 882, 886 (2d Cir. 1990). Plaintiff failed to cite a single case in support of its argument that OIC was not immune, nor did they attempt to distinguish *Austern*. (*See* Pl. Br.) Plaintiff merely stated that arbitral immunity "does not shield OIC from civil liability for civil rights violations that are derived from the Legislature and the Federal and State Constitutions." (*Id.* at 4.)

The Union argued that plaintiff's claims were governed by the arbitration provision in the Industry Wide Agreement ("IWA") and therefore could not be litigated in state or federal court. The Union argued further that another court in this district had dismissed similar claims on this very ground when plaintiff brought suit several years earlier. *See Alphonse Hotel Corp. v. New York Hotel & Motel Trades Union, AFL-CIO*, No. 03 Civ. 1992 (DC), 2004 WL 414836 (S.D.N.Y. Mar. 5, 2004). Plaintiff admitted to being bound by the IWA, but responded that under this Court's decision in *Kravar v. Triangle Servs.*, 509 F. Supp. 2d 407 (S.D.N.Y. 2007), the arbitration clause in the IWA was unenforceable against discrimination claims.

This Court granted defendants' motions from the bench at a conference on July 8, 2008. The Court concluded that OIC had arbitral immunity from suit and that plaintiff's suit was barred by the IWA's arbitration clause. The Court reserved on defendants' motions for sanctions.

**SANCTIONS**

"A pleading, motion, or paper violates Rule 11 if it is frivolous, legally unreasonable, or factually without foundation . . . ." *Wechsler v. Hunt Health Sys., Ltd.*, 216 F. Supp. 2d 347, 356 (S.D.N.Y. 2002) (citing *Simon DeBartolo Group, L.P. v. The Richard E. Jacobs Group, Inc.*, 186 F.3d 157, 167 (2d Cir. 1999)); *see also* Fed. R. Civ. P. 11(b)(2). Sanction under 28 U.S.C. § 1927 is appropriate against "any attorney or other person admitted to conduct cases in any court of the United States or any territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously . . . ." 28 U.S.C. § 1927.

Having reviewed the parties' submissions, the Court is prepared to give plaintiff and their counsel the benefit of the doubt regarding their assertion that they possessed a good faith basis for initiating an action against the Union. While counsel for plaintiff misinterpreted *Kravar v. Triangle Servs.*, the Court is willing to believe that such interpretation was not completely unreasonable. The Court cannot go so far, however, with plaintiff's claims against the OIC. The appears to be no basis for these claims, and no reasonable attorney could have thought otherwise under existing Second Circuit precedent. Even if the Court assumes that plaintiff's counsel was attempting to challenge such precedent—and there is no evidence that this was the case—Rule 11 sanctions are still appropriate. The Court of Appeals has stated that in determining whether Rule 11(b)(2) has been violated, district courts should consider "the extent to which a litigant has researched the issues and found some support for its theories even in minority opinions, in law review articles, or through consultation with other attorneys . . . ." *Simon DeBartolo Group*, 186 F.3d at 166 (quoting Fed. R. Civ. P. 11 advisory committee note to 1993 amendments) (internal quotation marks omitted). It is obvious from plaintiff's papers that his attorneys did not

3

adequately research the issue of arbitral immunity or seriously consider distinguishing *Austern*. By any measure, plaintiff's claims against the arbitration tribunal were frivolous.

For the reasons stated, defendant Union's motion for sanctions [37] is DENIED and defendant OIC's motion for sanctions [33] is GRANTED. Plaintiff's counsel is ordered to reimburse OIC for attorneys' fees it has incurred in defending against plaintiff's allegations and in prosecuting this motion. Counsel for OIC are directed to file an affidavit setting forth the appropriate figures together with a proposed order within 30 days of the date of this order.

SO ORDERED.

Dated: New York, New York
       March 26, 2009

                                        Richard J. Holwell
                                        United States District Judge