UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRAN DINH TRUONG, individually and on
behalf of ALPHONSE HOTEL CORP. d/b/a
HOTEL CARTER,

                              Plaintiff,

          -against-

NEW YORK HOTEL AND MOTEL TRADES
COUNCIL, AFL-CIO, and THE OFFICE OF THE
IMPARTIAL CHARIMAN and PETER WARD,

                              Defendants.

07 Civ. 11383 (RJH)

**MEMORADUM OPINION
AND ORDER**

Richard J. Holwell, District Judge:

On March 26, 2009, this Court granted defendant the Office of the Impartial
Chariman ("OIC") sanctions pursuant to Federal Rule of Civil Procedure 11(c) against
plaintiff's counsel and ordered plaintiff's counsel to reimburse OIC for its attorneys' fees.
For the reasons stated below, the Court now grants OIC $72,761.50 in attorneys' fees, to
be paid jointly by Ricardo M. Vera, plaintiff's attorney, and Mr. Vera's firm, Calabro &
Associates, P.C.

**BACKGROUND**

The Court assumes familiarity with the underlying facts of this case.  In 2007,
OIC decided three disputes between plaintiff and defendants New York Hotel and Motel
Trades Council, ALF-CIO and Peter Ward (collectively, the "Union").  On each
occasion, OIC sustained the Union's grievances against plaintiff.  Plaintiff responded by

filing suit against both OIC and the Union, alleging two causes of action for discrimination on the basis of his national origin, and one cause of action for intentional infliction of emotional distress.  Both OIC and the Union moved for judgment on the pleadings and moved for sanctions.  Plaintiffs put in opposition papers against all four motions, and all issues were addressed at oral argument on July 8, 2008.  (*See generally* Tr. of Hr'g of July 8, 2008.)  At that hearing, the Court granted defendants' motions on the pleadings on and reserved judgment on defendants' motions for sanctions.  (*Id*. at 17, 20.)

On March 26, 2009, the Court granted OIC's motion for sanctions pursuant to Federal Rule of Civil Procedure 11(c) against plaintiff's counsel for counsel's violation of Rule 11(b)(2).  (Order of Mar. 26, 2009 at 4.)[1]  Ordering plaintiff's counsel to reimburse OIC for "attorneys' fees it has incurred in defending against plaintiff's allegations and in prosecuting this motion," the Court directed OIC's counsel to "file an affidavit setting forth the appropriate figures."  (*Id*.)  On April 17, 2009, OIC, through the sworn declaration of its counsel Joel M. Silverstein of Stern & Kilcullen, LLC, submitted a summary of the relevant legal fees broken down by month and by which attorney at Stern & Kilcullen performed the work in question.  (*See generally* Silverstein Decl. of Apr. 4, 2009.)  The Court however, found that "additional information [was] required to determine the precise amount of sanctions," and directed OIC's counsel "to submit . . . all diary entries for the billed hours for which attorney's fees [were] sought."  (Order of Apr. 23, 2009.)  On May 1, 2009, Silverstein submitted the requested catalogue of diary entries.  (Letter from Joel M. Silverstein to the Court (May 1, 2009).)  Plaintiff's attorney, Ricardo M. Vera, responded by two-page letter dated May 8, 2009.  Vera requested an

[1] The Court denied the Union's motion for sanctions.

evidentiary hearing regarding the sanctions amount, and argued that the diary entries were "excessive and substantial."  (Letter from Ricardo M. Vera to the Court (May 8, 2009).)

Finding that due process required that plaintiff's counsel be given the opportunity to challenge OIC's counsel's submission more substantially than by letter brief, but also that no evidentiary hearing was required, on November 29, 2010, the Court ordered that plaintiff's counsel submit briefing on the issue within thirty days.  (Order of Nov. 29, 2010, at 3.)[2]  Having received no submission from plaintiff's counsel by January 11, 2011, the Court proceeded to decide the appropriate measure of legal fees due.

## DISCUSSION

In 2008, the Second Circuit abandoned the use of the "lodestar" method in determining attorneys' fees and instructed district courts to apply instead a "presumptively reasonable fee."  *Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008).  A "presumptively reasonable fee" is the product of a "reasonable hourly rate" and the sufficiently documented hours reasonably spent working on the litigation.  *Id*; *Artemide Inc. v. Spero Elec. Corp.*, No. 09-CV-1110 (DRH), 2010 WL 5452075, at *4 (E.D.N.Y. Nov. 23, 2010).  A reasonable hourly rate is generally determined pursuant to the so-called "forum rule" by which "courts should generally use the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable

---

[2] The November 29, 2010 order stated, "in the alternative, plaintiff's counsel is directed to reach an agreement with OIC's counsel on the appropriate measure of legal fees due."  (Order of Nov. 29, 2010, at 3.)  Having heard nothing from the parties by January 11, 2011, the Court presumes no agreement was consummated.

fee." *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (internal quotation marks omitted).[3]  The court should also take into account such factors as the skill of the lawyers, the complexity of the issues involved, the timing demands of the case, and the availability and expertise of alternative counsel, among others the court finds relevant.  *See Arbor Hill*, 522 F.3d at 184; *McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96-97 (2d Cir. 2006).  In addition to the hours worked on a matter, attorneys' fees will also include miscellaneous costs such as "filing fees, process server fees, travel expenses, and expense reimbursements."  *See Union of Orthodox Jewish Congregations of America v. Royal Food Distributors Ltd. Liab. Co.*, 665 F. Supp. 2d 434, 437 (S.D.N.Y. 2009).  However, a court is justified in reducing documented fees when, for example, "documentation of legal services are vague and reflect work done at an attorney rate that could and should have been done by a paralegal or secretary."  *All-Star Marketing Grp., LLC v. Media Brands Co., Ltd.*, No. 10 Civ. 1764 (RMB), 2011 WL 9381, at *3 (S.D.N.Y. Jan 3, 2011) (internal quotation marks and alternations omitted).

OIC requests an attorneys' fees award of $83,126.53.  The Court has reviewed the diary entries submitted in response to the April 23, 2009, Order, and finds that $72,761.50.00 is more appropriate.

OIC retained the firm Stern & Kilcullen, based out of Roseland, New Jersey, in this action.  Associate Eduardo Jimenez billed 25.5 hours on the case at $285 per hour, for a total of $7,267.50.  The Court finds this rate reasonable.  *See Orthodox Jewish*

---

[3] Diversion from the "forum rule," though not uncommon, is inappropriate here, as, for example, OIC did not seek outside the Southern District for higher-priced lawyers to do work lawyers in this district would have done as competently for lower fees and because the hourly rates invoked are not unreasonable in this district.  *See Arbor Hill*, 522 F.2d at 191.

*Congregations*, 665 F. Supp. 2d at 437 (finding associate rates of $445 and $275 per hour reasonable). 8.75 hours of Mr. Jimenez's billables, however, are attributed to drafting Stern & Kilcullen's "Stipulation and Order for Substitution of Counsel." This document, dated January 17, 2008, states, in its entirety:

> IT IS HEREBY STIPULATED AND AGREED, subject to the leave of the Court, that the law firm Stern & Kilcullen, 75 Livingston Avenue, Roseland, New Jersey 07068, be substituted as attorneys of record for Defendant The Office of the Impartial Chairman in the place of Tarter Krinskey & Drogin LLP, 1350 Broadway — 11th Floor, New York, NY 10018, as of the date below.

(Stipulation and Order, dated Jan. 17, 2008.) The Court is unclear as to why this document, presumptively a standard form order, took up 8.75 hours of an associate's time. Thus the Court reduces Mr. Jimenez's billables by seven hours, and finds a reasonable fee total for Mr. Jimenez's work to be $5,272.50, representing 18.5 hours of work.

Stern & Kilcullen Partner Joel M. Silverstein billed 137.5 hours on the action at a rate of $500 per hour, for a total of $68,750.00. This amount is reasonable; and indeed is far less than that often billed by law firm partners litigating complex cases in this district. *See Orthodox Jewish Congregations*, 665 F. Supp. 2d at 437 (finding partner rate of $735 per hour reasonable). At least 7.75 hours of Mr. Silverstein's work listed in the diary entries, however, have no description, have fully redacted descriptions, or are otherwise overly vague. The Court therefore reduces Mr. Silverstein's billables by 7.75 hours. In addition, Mr. Silverstein spent 4.4 hours working on the stipulation to substitute counsel described above, and the Court further reduces his billables by that amount. Thus the Court finds a reasonable fee total for Mr. Silverstein's work to be $62,675.00, representing 125.35 hours of work.

Stern & Kilcullen founding and named partner, and former District of New Jersey Judge, Hon. Herbert J. Stern, billed 4.75 hours on this action at $800 per hour, for a total of $3,800.00.  The Court finds this rate reasonable.  However, 1.75 hours of that amount have no description at all, and 0.75 of an hour was spent on scheduling matters presumably manageable by a more junior attorney.  (*See, e.g.*, March 1 – 31, 2008, Diary Entries, Entry for March 10, 2008 ("Attention to revision of joint scheduling order").)  Thus the Court finds a reasonable fee total for Judge Stern's work to be $1,800.00, representing 2.25 hours of work.

Of the remaining diary entries, the Court finds the following reasonable and sufficiently documented:  $500.00 (representing four hours of legal research billed by "law clerks" or "research assistants" at $125 per hour); and $2,514 in other expenses and disbursements.  Summing the above listed figures together equals $72,761.50, the amount the Court now awards OIC in attorneys' fees.

## CONCLUSION

It is therefore:

ORDERED that OIC is awarded $72,761.50 in attorneys' fees, to be paid by

jointly by plaintiff's attorney Ricardo M. Vera, and his firm Calabro & Associates, P.C.


SO ORDERED


Dated: New York, New York
      January 12, 2011

                                      Richard J. Holwell
                                 United States District Judge

7